<em>Nov. Term,<br>1837.</em><br><br>FLETCHER<br>v.<br>DANA.

---

FLETCHER *v.* DANA and Others.

Suit by *Charles D. Dana, John D. Wheeler,* and *Nicholas Merriweather,* on a promissory note payable to *Dana, Wheeler,* & *Co.* The declaration described the plaintiffs as partners trading under the firm of *Dana, Wheeler,* & *Co.,* and

Nov. Term,
1837.

FLETCHER
v.
DANA.

Friday,
December 1.

alleged that the note was made to them by the name of the firm. Plea, the general issue. *Held*, that the plaintiffs must prove that they constituted the firm.

APPEAL from the *Henry* Circuit Court.

DEWEY, J.—*Charles D. Dana, John D. Wheeler*, and *Nicholas Merriweather*, describing themselves as "partners doing business under the name and style of *Dana, Wheeler, & Co.*," declared upon a promissory note payable to "the order of *Dana, Wheeler, & Co.*" Plea, the general issue. The cause was submitted to the Court without a jury; and on the trial the only evidence adduced was the note described in the declaration. The Court found for the plaintiffs and rendered judgment in their favour.

The question raised for our consideration is, whether it was necessary to prove that the plaintiffs constituted the firm of *Dana, Wheeler, & Co.* in order to justify the finding and judgment of the Court.

In suits on written promises made apparently by name to the persons who sue, proof of the promise is all the evidence necessary with regard to the identity of the plaintiff and promisee. In such cases, if the plaintiff is not, in truth, the person to whom the promise is made, that fact should be disclosed by plea. So, if the promise be made to a fictitious or artificial name, the declaration must contain an averment that the plaintiff or plaintiffs is or are the party designated by such fictitious denomination; for without such allegation, the connection of the plaintiff with the cause of action would not appear. (We are considering suits by natural persons and not by corporations.) As it is necessary to make such an allegation in the declaration, so it is necessary to support it by strict proof. The production of the written instrument proves that a promise has been made by the defendant, but it does not show to whom it was made. This the plaintiff must supply by other testimony.

Partners suing on promissory notes or bills of exchange, made, or indorsed *specially* to the *firm*, are bound to prove that they constitute the firm. But when they sue on such instruments indorsed in *blank*, no such proof is necessary. A joint or several action may be sustained upon such an instrument without other proof of interest in it, than that which

arises from the indorsement itself. The blank may, at any time, be filled at the pleasure of the holder, and thus the name of the plaintiff (one or more) be inserted and the promise rendered express. Chitt. on Bills, 504.—*Ord* v. *Portal,* 3 Camp. 239.—*Attwood* v. *Rattenbury,* 6 J. B. Moore, 579.—2 Stark. Ev. 583, tit. Part.—Coll. on Part. 391, 399, 405.—*Machell* v. *Kinnear,* 1 Stark. R. 499.

The foundation of this suit is a promissory note payable to the firm of *Dana, Wheeler, & Co.* Certain persons declare upon it, describing themselves as co-partners trading under that firm, and allege that the promise was made to them by the name of the firm. This is equivalent to an averment that they constitute the firm of *Dana, Wheeler, & Co.* Not having proved this averment, or shown their interest in the subject-matter of the suit, the finding and judgment of the Circuit Court was not warranted by the evidence (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for another trial.

*C. B. Smith,* for the appellant.

*J. Rariden* and *J. S. Newman,* for the appellees.

(1) When a note, like that in the text, is payable to partners in the name of the firm, the partnership of the payees need not be proved, whether the suit be by them or an indorsee, unless the execution of the instrument be put in issue by a plea under oath. Stat. 1839, p. 36.