Nov. Term, 1838.

STOUT
v.
HICKS.

---

## STOUT and Others *v.* HICKS.

In a suit by the plaintiff as assignee of a firm on a promissory note against the maker, the declaration need not state the names of the persons composing the firm.

ERROR to the *Fountain* Circuit Court.

SULLIVAN, J.—This was an action of debt. The declaration states that *Hicks* made his promissory note to certain persons using the name, style, and firm of *Stout, Ingoldsby, & Co.*, whereby he promised to pay them, &c., and that afterwards *Stout, Ingoldsby, & Co.* by indorsement on said note under their hands, assigned the same to the plaintiffs.

The defendant demurred to the declaration, and the Court sustained the demurrer.

In support of the judgment of the Circuit Court, it is contended that the note set forth in the declaration, was not

*Monday, November* 26.

VOL. V.—7

Nov. Term,
1838.

STOUT
v.
HICKS.

assigned as is required by the act of assembly, which provides that notes for the payment of money, &c. may be assigned by indorsement thereon under the hand or hands of the persons to whom they were made payable, so as to vest the property thereof in the assignee, &c.; that the indorsement should have been under the hands of the *persons composing the firm of Stout, Ingoldsby, & Co.;* and because the note was not so assigned, the plaintiffs could not maintain the suit in their names.

This position is not tenable. A transfer by one partner in the name of the firm is considered as being made by all the persons entitled to make it. Each partner, by entering into the co-partnership, becomes the general agent of his co-partners in all its concerns ; and therefore it is that one member of a co-partnership may draw, indorse, or accept bills of exchange or promissory notes in the partnership name, which will be binding on the members of the company. The assignment of the note in the present case was an act in which the partner who made it acted for himself individually, and as the authorised agent of the other members of the company, and is virtually an assignment under their hands. It is not necessary that the express consent, much less the signatures of all the partners, should be obtained, if the transfer be without fraud. Gow on Part. 52.— Chitty on Bills, 40 *et seq.* (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to the defendant to plead to the declaration.

A. Ingram, C. Fletcher, and O. Butler, for the plaintiffs.

T. A. Howard, W. P. Bryant, and W. J. Brown, for the defendant.

(1) " The plaintiff declared as the indorsee of a promissory note, payable to *Lawrence Power and company*, alleging an indorsement by *Lawrence Power and company*, without setting forth the names of the persons composing the firm. Special demurrer. *Per Cur.* It was not necessary to set forth the names of the persons composing the firm of *Lawrence Power and company*—they being neither plaintiffs nor defendants in the suit. If the plaintiff derive his title to a note through a firm, he is not required to state in his declaration the names of the persons composing it. 8 Wheat. 642.—3 Chitt. Pl. 35."—*Cochran v. Scott,* 3 Wend. 229.