FRASER and Others *v.* SPOFFORD and Others.

Suit by *Paul Spofford, Thomas Tiletson,* and *Moses Kimball,* on a promissory note. The declaration alleged the note to be payable to the plaintiffs by the name and description of *Spofford, Tiletson,* & *Co.* Held, that a note payable on its face to *Spofford, Tiletson,* & *Co.* was not of itself sufficient evidence to support the action.

A note executed for the defendant by an agent may be described in the declaration as executed by the defendant himself.

ERROR to the *Tippecanoe* Circuit Court.

SULLIVAN, J.—Debt by *Paul Spofford, Thomas Tiletson,* and *Moses Kimball,* against *J. G. Fraser* and others. The declaration alleges that the defendants, on, &c., made their certain promissory note payable to the plaintiffs by the name and description of *Spofford, Tiletson, & Co.* Plea, *nil debent.* On the trial, a note signed "*J. G. Fraser & Co.,* per *G. W. Smith,*" payable to *Spofford, Tiletson, & Co.,* was all the evidence introduced by the plaintiffs in support of their right to recover. The testimony was objected to but the objection was overruled. Judgment for the plaintiffs.

This Court has decided, that where certain persons declare upon a note payable to a firm, and describe themselves as

*Nov. Term, 1839.*

FRASER
v.
SPOFFORD.

*Friday, November 22.*

co-partners trading under that firm, and allege that the promise was made to them by the co-partnership name, it is equivalent to an averment that they constitute the firm, and they must prove the averment, or show their interest in the subject-matter of the suit. *Fletcher* v. *Dana et al.* 4 Blackf. 377. If they fail to do so, the evidence will not warrant a judgment in their favour. The Court, therefore, erred in giving judgment for the plaintiffs in the present case, without proof that they were the persons to whom the promise was made (1). The statute of 1839 is so penned as not to apply to cases commenced previous to its passage.

Another objection is relied on. The plaintiffs in error contend, that as the note set out in the plaintiffs' declaration purports to be signed by the defendants, and that produced on the trial is signed for them by their agent, there is a variance. This objection is not well taken. A note so signed may be described as having been made by the defendants themselves. Bayley on Bills, 426, note (101).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issue set aside, with costs.

*J. Pettit*, for the plaintiffs.

*A. Ingram* and *Z. Baird*, for the defendants.

(1) Vide *Ramsay et al.* v. *Herndon*, *May* term, 1840.