PHIPPS and Others, Administrators, *v.* ADDISON and Others.

In a suit on a bill of exchange payable to a firm, brought by the drawer, who had paid the bill, against the acceptor, it is sufficient to describe the bill in the declaration as payable to the firm, without setting out the names of the members of the firm.

The declaration in a suit against the administrator of the acceptor of a bill of exchange, need not allege that the plaintiff's claim had been filed in the office of the clerk of the Probate Court.

If a demurrer to the declaration in such case be overruled, the Court may assess the damages so far as the amount due on the bill of exchange is concerned; but in respect to the costs of protest, if chargeable at all, there should be a jury of inquiry.

In such suit, the judgment, if for the plaintiff, should be for the damages and costs to be levied of the intestate's goods if the defendant have so much, and if he have not, then the costs of the defendant's own goods.

ERROR to the *Clay* Circuit Court.

DEWEY, J.—Assumpsit by the drawers against the administrators of the acceptor of a bill of exchange. The declaration contains two counts: in the first, the bill of exchange is described as having been drawn by the plaintiffs in favour of "*Wm. Garvin* and *Co.*," and alleged to have been paid to them by the plaintiffs, on the failure of the acceptor to pay it; in the second count, the names of the persons composing the firm of *Wm. Garvin* and *Co.* are given; in other re-

spects the two counts are the same.   General demurrer to the declaration overruled; and judgment against the defendants, individually, for the amount of the bill of exchange, and costs of protest, together with the costs of the suit.

It is contended by the plaintiffs in error, that the first count is defective for not setting out the names of the members of the firm of *Wm. Garvin* and *Co.;* and that both counts are bad for not alleging that the claim, on which the action is founded, was filed in the office of the clerk of the Probate Court, whence issued the letters of administration of the defendants.

Neither objection can be sustained.   As to the first, we have repeatedly decided that, in describing a negotiable instrument, it was sufficient to designate parties to it, who were not parties to the action, by the name of a firm as it appeared upon the instrument.   *Stout* v. *Hicks,* 5 Blackf. 49.—*Cooper* v. *Drouillard, Id.* 152.   See, also, *Budd* v. *Wilkinson, Id.* 264.   It was sufficient to describe the payees of the bill of exchange in the style of their firm.   The other objection to the declaration is founded upon a statutory provision, that the creditors of deceased persons shall file, in the office of the clerk of the Probate Court of the proper county, a statement of their claims.   R. S. 1838, p. 182.   It is evident, however, that the object of this provision was, not to give the creditor a right of action against the administrator, or executor, but to secure a preference, in the payment of his debt, over claims of less dignity; and to protect the administrator, or executor, against the consequences of first paying debts of a lower degree.   It is not necessary, therefore, to aver, in the declaration, the filing of the claim in the Probate office.

There are, however, two errors in the judgment of the Circuit Court.

On overruling the demurrer to the declaration, the Court assessed the damages.   This was right so far as the amount due on the bill of exchange was concerned; but it was wrong in respect to the costs of protest.   That was not a matter of computation, and if chargeable at all, required a jury of inquiry, or an agreement of the parties waiving it.

The judgment is against the defendants individually.   It should have been, that the damages be levied of the goods and chattels of the intestate; and the costs also, provided there

were sufficient assets to pay them, if not, of the goods and chattels of the defendants.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. M. Hanna*, for the plaintiffs.

*E. W. M°Gaughey*, for the defendants.