ABERNATHY *v.* REEVES and Another.

Section 3 of the act relative to practice in Circuit Courts, approved *February* 18, 1839, (which dispensed with the necessity of proving the names of the payees, &c., of notes, &c., declared upon, unless the execution thereof was put in issue by a pleading under oath,) was continued in force by the operation of section 802, p. 224, 2 R. S. 1852.

*Wednesday,*
*December* 19.

APPEAL from the *Rush* Court of Common Pleas.

DAVISON, J.—*James Reeves, Isaac Stevens, Francis Goode* and *William Phipps*, describing themselves as "partners under the name of *Reeves, Stevens & Co.*," sued *Abernathy* upon a promissory note, payable "to the order of *Reeves, Stevens & Co.*" To the complaint, the defendant answered—1. That each and every material allegation therein contained was untrue. 2. That the note was obtained by fraud, &c. 3. That the defendant, on the 20th of *December*, 1854, paid the plaintiffs 50 dollars on said note. Issues being made, the cause was submitted to the Court.

The note sued on was the only evidence adduced on the trial. It reads thus:

"$300. *Cincinnati, December* 15, 1854. One day after date, for value received, I promise to pay to the order of *Reeves, Stevens & Co.*, without any relief whatever from valuation or appraisement laws, three hundred dollars, at their counting room in *Cincinnati. J. Abernathy.*"

Upon this evidence the Court found for the plaintiffs, and, over a motion for a new trial, rendered judgment in their favor.

This judgment is said to be erroneous, because there was no evidence tending to prove that the plaintiffs constituted the firm of *Reeves, Stevens & Co.* The law, as it stood prior to an act of the legislature approved *February* 18, 1839, accords with the above position. *Fletcher* v. *Dana et al.*, 4 Blackf. 377. The third section of that act is found in the revision of 1843, and is as follows:

"Whenever any note," &c., "shall be declared upon," &c., "proof of the names of the payees," &c., "shall not be necessary, unless the same shall be put in issue by

some form of pleading verified by affidavit." R. S. 1843, <span style="float:right">Nov. Term, 1855.</span>
p. 711.

This enactment, no doubt, continued to be the law up <span style="float:right">ABERNATHY</span>
until the present code of procedure took effect. Is it still <span style="float:right">v.<br>REEVES.</span>
in force?

In section 802 of chapter 1 of the new code, it is pro-
vided that "the laws and usages of this state, relative to
pleadings and practice in civil actions and proceedings,
not inconsistent herewith, and as far as the same may
operate in aid hereof, or to supply an omitted case, are
hereby continued in force." The act of 1839 contains a
law of practice, not embraced in the code of 1852, unless
the section just quoted continues it in force. Whether it
does or not is a pure question of construction. We per-
ceive nothing in the law in conflict with any provision of
the new code. Hence, it can not, within the meaning of
the section, be "inconsistent." As a rule of practice, the
law of 1839 was regarded an effective element in the old
system; and there is, indeed, no valid reason why it should
not operate beneficially in aid of the system now in use.
It seems to us that section 802 must be so construed as
to continue in force the third section of the act of 1839.
It follows that it was not incumbent on the plaintiffs,
under the pleadings in this case, to prove that they con-
stituted the firm of *Reeves, Stevens & Co.*

*Per Curiam.*—The judgment is affirmed, with 3 per cent.
damages and costs.

*A. W. Hubbard* and *L. W. Sexton*, for the appellant.

*G. C. Clark, J. S. Scobey* and *W. Cumback*, for the ap-
pellees.