Nov. Term,
1857.

REES
v.
SIMONS.

---

## REES and Another *v.* SIMONS and Others.

In a suit upon a promissory note payable to a certain firm, by several plaintiffs describing themselves as partners composing the firm, proof that they constituted the firm is only required where their title as payees of the note is put in issue by some form of pleading verified by affidavit.

APPEAL from the *Hamilton* Court of Common Pleas. DAVISON, J.—*Benjamin Simons, Ezekiel Simons* and *Max Thurmaner*, who describe themselves as partners under the name of *B. & M. Simons & Co.*, sued *Rees* and *McCole* upon a promissory note payable to the order of *B. & M. Simons & Co.* The note is as follows:

"$945 00. *Cincinnati, Ohio, May* 11, 1854. Six months after date we, the subscribers, of *Noblesville*, county of *Hamilton*, and state of *Indiana*, promise to pay to the order of *B. & M. Simons & Co.* 945 dollars for value received, without any relief from valuation or appraisement laws. [Signed] *J. H. Rees, S. R. McCole.*"

The defendants answered the complaint by a general denial. Issue being thus made, the cause was submitted to the Court. The note sued on was the only evidence adduced on the trial; and upon that evidence alone, the Court found for the plaintiffs. New trial refused, and judgment.

This judgment is said to be erroneous because there was no evidence tending to prove that the plaintiffs constituted the firm of *B. & M. Simons & Co.* There is nothing in the objection; such proof is only required when the title of the plaintiffs as payees of the note is put in issue by some form of pleading verified by affidavit. *Abernathy* v. *Reeves*, 7 Ind. R. 306, decides the question under consideration.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*D. Moss*, for the appellants.

*G. H. Voss*, for the appellees.