Nov. Term,
1859.

HAUSER
v.
SMITH.

Tuesday,
December 20.

---

HAUSER *v.* SMITH and Others.

*A justice of the peace is not bound, of his own motion, to require security for costs, at, or before, commencing suit, from a non-resident plaintiff.*

*In actions commenced before a justice, in favor of a firm, it is sufficient if the names of the individuals composing the firm appear in the record; and if such suit be upon a note given to the firm, the partnership need not be proved unless the partnership, or the cause of action be denied under oath.*

APPEAL from the *Bartholomew* Circuit Court.

DAVISON, J.—*Alden B. Smith, Edward A. Smith,* and *Edward Branham,* partners under the name of "*A. B. Smith & Co.*," sued *Hauser* before a justice of the peace, upon a promissory note for 72 dollars, 15 cents. The note bears date *January* 20, 1858, was executed by the defendant, payable to *Benjamin F. Jones,* at one day, and was by him indorsed in this form, "Pay *A. B. Smith & Co.,* or order." Signed "*Benjamin F. Jones.*" The note with the indorsement was filed as the cause of action. Before entering into the trial, the defendant, having filed an affidavit alleging the non-residency of the plaintiffs, moved the justice to dismiss the cause for want of security for cost, but the defendant, pending the motion, gave the requisite

security, and thereupon the motion was overruled. He then moved to dismiss the action for want of a sufficient complaint; but this motion was also overruled. The evidence being heard, &c., the justice gave judgment for the plaintiffs. And the defendant appealed.

In the Circuit Court, he renewed his motion to dismiss; but his motion was again overruled. The cause was then submitted to the Court, who found for the plaintiffs. And having refused a new trial, rendered judgment, &c.

In support of the motion to dismiss, the appellant assumes two grounds—

1. The plaintiffs being non-residents, the justice should have required security for cost, at the commencement of the suit.

2. The cause of action is insufficient. In addition to the note and its assignment, there should have been filed a written statement, disclosing the names of the assignees of the note.

The statute says: "Justices shall require security for cost from plaintiffs living out of the county." 2 R. S. p. 460, § 55. It, however, does not say at what stage of the proceedings in a suit, the justice shall make such requirement; but § 75 of the same statute enacts that, "In all cases not in this act specially otherwise provided, proceedings before justices shall be governed by the practice," &c., "of Circuit Courts." Id., p. 465.

The first ground assumed for the dismissal of the action, evidently involves a case not provided for in the act relative to proceedings in justices' Courts. Hence, for the mode of procedure in such a case, we must, as prescribed in the section last quoted, look to the practice of Circuit Courts. And that being done, it will at once be seen that the justice, in this instance, the plaintiffs having given the requisite security, committed no error in refusing to dismiss the suit, because the practice in the Circuit Court is, to allow a non-resident to give such security at any time during the pendency of the action, when ordered to do so by the Court. 2 R. S. pp. 127, 128, § 402.

Nov. Term, 1859.

HAUSER v. SMITH.

The second alleged ground for the dismissal, is equally untenable. In actions commenced before a justice, in favor of a firm, it is not essential that the statement of the cause of action, should set out the names of the persons composing the firm; it is enough if their names appear in the proceedings before the justice, as the plaintiffs who instituted the suit. *Stout* v. *Hicks*, 5 Blackf. 49. The motion, in the Circuit Court, to dismiss the action, was, in our opinion, properly overruled.

The record contains a bill of exceptions, whereby it appears that the plaintiffs, upon the trial, offered in evidence the note sued on, upon which there was this indorsement; "Pay *A. B. Smith & Co.*, or order." Signed "*Benjamin F. Jones.*" It also appeared that the defendant, at the proper time, objected to the admission of the evidence, and that the Court overruled the objection; but the ground of the objection does not appear. It follows, the ruling of the Court, thus made, is not properly before us.

The note, having the indorsement thereon, was all the evidence given in the cause. Hence, it is insisted that the finding is not sustained by sufficient evidence; because of the absence of proof that the plaintiffs were the persons who composed the firm of "*A. B. Smith & Co.*" This position is not well taken. In the record there is no plea verified by affidavit, whereby it is denied that the plaintiffs compose that firm. It was not, therefore, incumbent upon them to make such proof. *Abernathy* v. *Reeves*, 7 Ind. R. 306.—*Groves* v. *Train*, 11 *id.* 198.—*Hauser* v. *Hays*, *id.* 368.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*N. T. Hauser*, for the appellant.

*W. F. Pidgeon*, for the appellees.