SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not, upon
the weight of the evidence of witnesses who testified before the lower
court, interfere with the finding, unless it is clearly against the evidence
and can be considered only as the result of passion, prejudice, or palpable
misapprehension of the facts.

APPEAL from the Marion Circuit Court.

GREGORY, C. J.—This case is here upon the evidence.
The matter in dispute between the parties seems to be this:
Smith and Kruger had been partners in two street contracts,
one on Circle street, and the other on Washington street.
Kruger, according to his claim, offered to Smith, to stand all
the loss that had been made, if Smith would get some one to
take the contract off their hands. The Washington street
contract had been completed at the time of this offer. The
loss on the Circle street contract was about two thousand
dollars, but there had been a profit on the other contract of
about eight hundred dollars, making the loss, including
both, of some twelve hundred dollars. Kruger claims that
he should only be charged on settlement with the actual
loss, while Smith claims that Kruger should be charged
with a loss of two thousand dollars.

We have examined the evidence, which is in the record.
The case was tried by the judge of the court below, who
heard all the evidence from the witnesses themselves. It is
not our province to interfere with his finding, unless it is
clearly against the evidence, and can be considered only as
the result of passion, prejudice, or a palpable misapprehen-
sion of the facts.

We are not prepared to say that the finding is even against
the weight of the evidence. The result arrived at was cer-
tainly an equitable one, and we see nothing in the testimony
which under any rule of law would require a different find-
ing.

It is claimed, that there had been an account stated be-

tween the parties, and that it could not be disregarded by the court in the absence of fraud or mistake, but we do not so regard the facts. One of the matters disputed was this very question of accounting. Indeed, there was an issue made by the pleadings presenting it.

The court below committed no error in overruling the motion for a new trial.

Judgment affirmed, with costs.

*B. K. Elliott* and *C. L. Holstein*, for appellant.

*A. G. Porter*, *B. Harrison*, and *W. P. Fishback* for appellee.

---

## PATTISON and Another *v.* JENKINS.

INTEREST.—*Remedy.*—*Act of* 1867.—A note containing a stipulation for interest at ten per cent. per annum was executed when the law prohibited a recovery of interest exceeding six per cent. per annum; and suit was brought thereon under the act of 1867, authorizing such contracts.

*Held,* that the contract as to interest was governed by the law of 1867.

SALE.—A. exhibited to B. a schedule, as a representation of the quantity of certain personal property, which the former proposed to sell to the latter, who before purchasing, visited the place where the property was situated, for the purpose of examining the property and satisfying himself concerning it, and having examined it as to quantity, or having had a full opportunity to do so, relying on his own judgment, proposed other terms than those proposed by A., by offering a sum in gross for an entire amount of property, including that named in said schedule and other articles situated at the same place, and A. accepted the offer, and the sale was made on the terms so proposed by B.

*Held,* in a suit on a note given in part payment, that the maker could not set up as a failure of consideration, that the property named in said schedule was of less quantity than therein represented; and that the buyer could not claim that the seller had deceived him as to the quantity of the property named in the schedule.

SAME.—Where a full opportunity is afforded to a purchaser for examining property, which he is about to purchase, and which by the exercise of ordinary diligence and prudence he could examine as to its quantity, the question of the quantity being made to depend merely on the judgment,