## Napier and Another *v.* Mayhew and Another.

Pleading.—*Complaint.*—*Evidence.*—In a complaint by M. and B. upon a note, they alleged that they were doing business under the firm name and style of M. & B., and that the defendants were doing business under the name and style of N. & V., and that the defendants by their note, a copy of which was filed with the complaint, promised to pay the plaintiffs, &c.

*Held*, that the note being set out, the allegations of the complaint were equivalent to a direct charge that the defendants, by the names of N. & V., by their note, promised to pay the plaintiffs by the names of M. & B. the sum mentioned in the note.

*Held*, also, that the allegations in the complaint as to the partnership or firm name and style of the respective parties, was mere surplusage, and not necessary to be proved, and might be regarded as stricken out; and the execution of the note not being denied under oath, no proof was necessary other than the note itself.

APPEAL from the Fountain Circuit Court.

Worden, J.—Complaint by the appellees against the appellants, as follows, after entitling the case:

"Plaintiffs, doing business under the firm name and style of Mayhew & Branham, complain of the defendants, doing business under the name and style of Napier & Voltz, and say that the defendants, on the 16th day of February, 1870,

by their note, a copy of which is filed herewith and made a part of this complaint, promised to pay the plaintiffs seven hundred and sixty-seven dollars and forty-six cents; that on February 16th, 1870, defendants paid forty-seven dollars and ninety cents on said note, and that the residue thereof and interest are yet due and unpaid; therefore the plaintiffs demand judgment for eight hundred dollars, and other proper relief."

COPY OF NOTE.

"767.46          COVINGTON, IND., Feb. 16, 1870.

One day after date, we promise to pay to the order of Mayhew & Branham, seven hundred and sixty-seven and $\frac{46}{100}$ dollars, with interest at ten per cent. from date; value received, without any relief from valuation or appraisement laws.

(Signed,)          NAPIER & VOLTZ."

Answer of general denial; trial by the court; finding and judgment for the plaintiffs, a new trial being moved for by the defendants and denied.

On the trial, the note described was the only evidence offered.

The appellants assign errors: first, that the complaint does not state facts sufficient, &c.; and second, that the court erred in overruling the motion for a new trial.

There was no demurrer to the complaint, nor motion in arrest of judgment.

The complaint, however, was amply good on demurrer. It charges that the defendants, by their note, a copy of which was set out, promised to pay to the plaintiffs, &c. The note being set out, the allegation is equivalent to a direct allegation that the defendants, by the names of Napier & Voltz, by their note, &c., promised to pay to the plaintiffs, by the names of Mayhew & Branham, the sum mentioned in the note. *Hunt* v. *Raymond,* 11 Ind. 215; *Farley* v. *Harvey,* 14 Ind. 377.

This disposes of the objections made to the complaint.

It is claimed that there should have been evidence showing the partnership of the respective parties to the note, or otherwise identifying them respectively as the makers and

payees of the note. All that is said in the complaint as to the partnership or firm name and style of the respective parties was mere surplusage, not necessary to be proven, and may be regarded as stricken out. After striking all that out, there remains the allegation, in substance, that the defendants, by the names subscribed to the note, made the note to the plaintiffs by the names specified therein.

The defendants not having denied under oath the execution of the note by them, nor the names of the payees as set out in the complaint, no proof upon either point was necessary other than the note itself, which was sufficient to authorize the recovery. *Abernathy* v. *Reeves*, 7 Ind. 306; *Rees* v. *Simons*, 10 Ind. 82; *Hunt* v. *Raymond*, *supra*; *Hauser* v. *Smith*, 13 Ind. 532; *Farley* v. *Harvey*, *supra*; 2 G. & H. 105, sec. 80.

The judgment below is affirmed, with costs, and ten per cent damages.

*T. F. Davidson*, for appellants.

*T. A. Hendricks*, *O. B. Hord*, and *A. W. Hendricks*, for appellees.