Talbott v. Kennedy et al.

No. 8025.

TALBOTT v. KENNEDY ET AL.

PRACTICE.—Finding.—Weight of Evidence.—Supreme Court.—Where the evidence tends to support the finding, the Supreme Court will not reverse the judgment upon the mere weight of the evidence.

SAME.—Evidence.—Witnesses.—The Supreme Court can not disturb a judgment where the testimony, if believed, is sufficient to support the finding, as it is the province of the trial court to determine the credibility of witnesses.

PROMISSORY NOTE.—Partnership.—Answer.—In a suit upon a note alleged to have been executed by C. & T. by their firm name, T. answered that C. had executed the note for his individual debt, without authority to bind the firm.

Held, that, as the execution of the note was not denied under oath, its production in evidence entitled the plaintiff to judgment.

From the Marion Superior Court.

C. P. Jacobs, for appellant.

J. B. Elam, J. L. McMaster and A. Boice, for appellees.

BEST, C.—The appellees, Robert F. Kennedy, James A. Wildman and Constantine B. Cones, sued the appellant and one Alexander Craig, alleging in their complaint that the defendants were partners, doing business under the firm name and style of "Alexander Craig & Co.," and that said defendants, on the 22d day of February, 1878, "by said firm name and style, executed to the plaintiffs" their note for $200, payable thirty days after date, with interest at ten per cent. after maturity, and attorney's fees, without relief from valuation laws, and that said note, interest and attorney's fees were due and unpaid. A copy of the note was set out in the body of the complaint, and was signed "Alexander Craig & Co."

A judgment was rendered against both defendants by default, but afterward, by agreement, the default was set aside as to the appellant, who answered, in substance, that he did not make said note, nor authorize any one to make it for him ; that Craig, his partner, made it, not for or on behalf of

the firm of "Alexander Craig & Co.," but for his individual debt, without any authority whatever to sign the firm name thereto, all of which the payees well knew when the same was made to them.

This answer was not verified. A reply was filed, the cause submitted to the court for trial, and a finding for appellees.

The appellant moved for a new trial, for the reason, among others, that the decision was not sustained by sufficient evidence. This motion was overruled, and he excepted. Judgment for the appellees. From this judgment the appellant appealed to the general term, and assigned as error the order of the court in overruling his motion for a new trial. The judgment of the special term was affirmed at the general term, from which the appellant appeals, and assigns as error the order of the general term affirming the judgment at the special term. This assignment questions the correctness of the ruling of the court upon the motion for a new trial. Several reasons were assigned, but none are insisted upon in the argument except that the decision was not sustained by sufficient evidence.

The appellant was a witness, and testified that he and Craig were partners at the time the note sued on was given; that the firm never had any dealings with the plaintiffs; that the note in suit was made by Craig in payment of an individual debt, and that he had no authority to sign the firm name to it; that the first knowledge he had that Craig was using the firm name in that way was when one of the plaintiffs brought a note of an equal amount to him, endorsed by the firm, and demanded payment; that he then notified him that the note was given for Craig's debt, and that he had no authority to use the firm name; that the note in suit was afterward given in renewal of the other note, without any authority to use the firm name, and, as soon as he learned it, he repudiated it.

Alexander Craig testified that the firm was in need of

funds; that the appellant wanted him to raise some money; that he procured a note of equal amount of his father-in-law, and that, at the instance of the appellant, he procured the plaintiffs to discount it; that $85 of the same was used for individual purposes, in paying interest on a loan that appellant had consented should be paid from funds of the firm, and the balance was used by the firm; that he renewed said note once or twice in his own name, and then in the name of the firm; that the first note renewed, in the firm name, was the one presented to appellant by one of the plaintiffs, which he refused to pay; that afterwards he and appellant talked about it, and appellant said to him that "he supposed they were in for it, and he had better renew it," and that he immediately thereafter did so. This is the substance of all the testimony upon the authority of Craig to bind the appellant by the use of the firm name. It is conflicting and unsatisfactory; yet, as one version of it tends to support the finding, this court can not, for such reason, disturb the judgment. The testimony of Craig, if believed, was abundantly sufficient to authorize the finding, and, as it was the province of the court below to determine the credibility of the witnesses, this court can not disturb its conclusion upon such question. *Smith* v. *Kruger*, 33 Ind. 86; *The Madison, etc., R. R. Co.* v. *Taffe*, 37 Ind. 361.

Again, the appellant not having denied, under oath, the execution of the note, its production in evidence was sufficient to entitle the appellees to a judgment. *Napier* v. *Mayhew*, 35 Ind. 276.

We therefore think the motion for a new trial was correctly overruled.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellant.

Petition for rehearing overruled.