No. 9188.

## TERRY v. BRONNENBERG.

REVIEW OF JUDGMENT.—*Evidence.*—*Supreme Court.*—Where, in an action to review a judgment on account of the insufficiency of the evidence to sustain the finding of the court, the complaint for review shows that there was evidence in the record legally tending to support the finding of the court upon which the judgment sought to be reviewed was rendered, such complaint is insufficient on demurrer.

From the Madison Circuit Court.

*W. R. Pierse* and *C. B. Gerard,* for appellant.

*H. D. Thompson* and *T. B. Orr,* for appellee.

MORRIS, C.—This suit was brought by the appellant to review a judgment rendered in the Madison Circuit Court against him and in favor of the appellee, upon a cross complaint filed by the appellant against the appellee, in a suit commenced by the latter against the former and others.

The appellant alleges in his complaint that the court erred in overruling his motion for a new trial in the action sought to be reviewed. The original cause was tried by the court. The evidence was made a part of the record by bill of exceptions; a motion for a new trial was made on the ground that the finding of the court was not sustained by sufficient evidence. This motion was overruled by the court, and the appellant excepted. The overruling of the motion for a new trial in the original action is the error complained of in this action.

The appellee demurred to the complaint to review, on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and the appellant excepted. The ruling of the court upon the demurrer is assigned as error.

It is claimed by the appellant that his complaint to review contains so much of the record of the action in which the judgment sought to be reviewed was rendered as is necessary to enable this court to pass upon and determine the matter

complained of. The complaint states that the evidence upon which the judgment sought to be reversed was rendered was made a part of the record of the original action by bill of exceptions; the pleadings in the cross action are set out; so are the finding of the court, the motion for a new trial, the overruling of the motion, the exception of the appellant, the evidence given in the case, and the final judgment of the court. We are inclined to think that the complaint to review sets out so much of the record of the former action as is necessary to enable this court to pass upon the matter complained of, and that, in this respect, the complaint is sufficient.

This court will not reverse a judgment on a complaint to review, except for cross errors such as would justify this court in reversing the judgment on appeal. If, therefore, there was any testimony given on the trial of the cause under review, legally tending to support the finding of the court, it would not have been disturbed on appeal, nor should it be in an action to review the judgment. *Talbott* v. *Kennedy*, 76 Ind. 282.

We have looked through the bill of exceptions containing the evidence in the action sought to be reviewed, and think it contains testimony clearly tending to sustain the finding of the court in the original action. The appellee testified as a witness on the trial, on the appellant's cross complaint, to facts sufficient to justify the finding of the court. Had the court believed his testimony, it could not well have found otherwise than as it did. We can not weigh the testimony as did the trial court. On error, either upon appeal or upon a complaint to review, it is enough if there is any testimony legally tending to support the finding of the court or the verdict of the jury. *Abshire* v. *Williams*, 76 Ind. 97; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73.

It appearing upon the face of the complaint to review the judgment against the appellant and in favor of the appellee, that there was evidence in the record legally tending to sustain the finding of the court upon which the judgment sought to be reversed was rendered, the demurrer was rightly sus-

tained.    There was no error shown in the record of the judgment sought to be reviewed which would justify its reversal. The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.