Nov. Term, 1822.

CLARK
v.
FAULKNER.

---

## CLARK v. FAULKNER and Another.

To an action of debt, the defendant pleaded a release, which he averred to have been lost and destroyed by accident. The plaintiff replied by denying this averment in the plea, and protesting that he had not released. *Held,* that the replication was good without being sworn to; the statute which re-quires an affidavit, when the execution of a writing is denied, not being ap-plicable to the case.

A protestation is not a denial, in the suit in which it is made, of the allegation protested against.

Wednesday, November 11.

ERROR to the *Clark* Circuit Court.

HOLMAN, J.—Declaration in debt. Defendants pleaded, that after the commencement of the action, the plaintiff, by his writ-ing obligatory, had released to the said defendants the debt in the declaration mentioned, together with the interest that had ac-crued thereon and the costs of suit; which release they could not produce in Court, it having been lost and destroyed by accident. The plaintiff replied, that the release was not lost and destroy-

ed, as the defendants had pleaded; protesting that he had never
executed said release.  The Court rejected the replication, be-
cause it was not sworn to; and gave judgment for the defend-
ants.

This judgment is erroneous.  The excuse given by the de-
fendants, in their plea, for not making profert of the release, was
traversable.  See 1 Chitt. Pl. 349.—3 T. R. 151.—5 Bac. 432 (1).
The replication traversing the loss of the release was proper,
and should have been received by the Court without being sup-
ported by oath.  The denial of the release in the *protestando*,
presented no question for the consideration of the Court or ju-
ry, and of course did not fall within the act of assembly requir-
ing pleadings, that deny the execution of written instruments,
to be supported by oath.

*Per Curiam.*—The judgment is reversed, and the proceedings
subsequent to the replication are set aside, with costs.  Cause
remanded, &c.

*Thompson* and *Naylor*, for the plaintiff.
*Howk*, for the defendants.

(1) The general rule, where either party pleads a deed, is, to make profert
of it as follows:—"Which said writing obligatory, (or indenture, &c.,) sealed
with the seal of the said———, the said——— now brings here into Court,
the date whereof is the day and year aforesaid." Steph. Pl. 439.  To this
rule there are some exceptions: as, where the deed remains in another Court;
Co. Litt. 231; *Wymark's* case, 5 Co. R. 74:—if it be in the possession of the
opposite party; *Wymark's* case, supra:—if destroyed by fire; *Leyfield's* case,
10 Co. R. 92, 93:—or, as in the text, if lost and destroyed by time and accident;
*Read* v. *Brookman*, 3 T. R. 151.  The last-cited case, says Ld. *Ellenborough*,
goes a step further than the cases had gone before; and without saying that
that step should be retraced, we ought not to go a step further, but stop there.
*Hendy* v. *Stephenson*, 10 East, 55.  If the obligor fraudulently or innocently
break off the seal, the declaration averring that fact is good without profert.
*Cutts* v. *U. States*, 1 Gall. 69. Vide 1 Will. Saund. 9, n. 1.—1 Chitt. Pl. 349.
In these cases—when the deed is destroyed, &c.—profert must not be made;
*Smith* v. *Woodward*, 4 East, 585; but an excuse for not making it must be in-
serted in the pleading, according to the fact: thus, "And which said writing
obligatory having been destroyed by fire, the said ——— cannot produce the
same to the said Court here." 2 Chitt. Pl. 197.  If, however, in cases requir-
ing profert, or an excuse for the omission, none be made, the defect can be
reached only by a special demurrer.  Stat. 4 and 5 Anne, c. 16.—Ind. Stat.
1823, p. 298.—1 Chitt. Pl. 350.