Nov. Term,
1848.

UNDERWOOD
v.
TATHAM.

UNDERWOOD v. TATHAM.—In error.

In replevin, the issuing of the writ to the sheriff is the commencement of the suit, and demand must be made before that time.

A bailee cannot, as a general rule, be sued by the bailor for the deposit till after demand; nor is the bailee always bound to deliver his deposit on demand.

REPLEVIN for a stock of goods in a store-room. The action was brought by *Tatham* against *Underwood*. The plaintiff had judgment below. *Underwood* had possession of the goods and was retailing them as a merchant, with the consent of, and under some arrangement with, *Tatham;* but whether as a partner, or as a hired clerk, or was selling on commission, it will not be necessary for us now to determine. No demand was made of the goods by *Tatham*, till after the delivery of the writ of replevin to the sheriff. We think the demand was too late. It should have been before suit was brought. The issuing of the writ to the sheriff was the commencement of the suit. The question on the trial, under the plea of not guilty of the unlawful detention which the declaration charged, was whether the goods were *unlawfully detained* at the commencement of the suit. As they were in the possession of the defendant below, by, at any rate, the leave and license of the plaintiff below, that possession was not wrongful till that leave and license had been revoked by a demand of the goods. A bailee cannot, as a general rule, be sued by the bailor for the deposit, till after demand. Story on Bailments, s. 107. Nothing appears to take this case out of the general rule, and the evidence is upon the record. Nor is a bailee always bound to deliver his deposit on demand. He may show a sufficient reason for non-delivery at the time of the demand. Story on Bailments, ss. 119, 120. And this fact would seem to enable us at once to determine the only other question made in the case. When the plaintiff had proved, by a witness introduced by him, the demand heretofore noticed in this opinion, the defendant, in cross-examination, asked the witness what reason he gave in an-

swer to the demand, why he should not give up the
goods. The Court refused permission to the witness to
answer the question. This would seem to be wrong.
The reason might, or might not, have justified the course
of the defendant, but why had not he a right, even as a
part of the *res gesta*, to have it go in evidence? How-
ever, we decide nothing as to this.

Nov. Term,
1848.

The judgment is reversed. Cause remanded, &c.