scope of his agency, were legitimate evidence. *Tomlinson* v. *Collett*, 3 Blackf. 436.— *The Wayne County, &c., Co.* v. *Berry*, 5 Ind. R. 286, 289. And if such declarations are erroneously admitted before proof of the agency, subsequent proof of the agency were then error. *The Trustees, &c.* v. *Bledsoe*, 5 Ind. R. 133. The case does not necessarily raise a question upon the power of sub-agents.

3. Excessive damages.

The jury allowed the account. There was evidence tending to prove it.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*N. O. Ross, R. P. Effinger,* and *W. Z. Stuart,* for the appellants.

*H. J. Shirk* and *J. M. Wilson,* for the appellee.

Nov. Term,<br>1859.<br><br>BERRY<br>v.<br>BOLAN.

---

## CONLEY v. CONLEY and Others.

APPEAL from the *Wayne* Court of Common Pleas.

*Per Curiam.*—The judgment in this case is affirmed with costs, upon the authority of *Holland* v. *Moody*, 12 Ind. R. 170.

*C. H. Test, J. M. Wilson,* and *J. B. Julian,* for the appellant.

*O. P. Morton* and *C. H. Burchenal,* for the appellees.

Saturday,<br>December 3.

---

## BERRY and Another v. BOLAN.

APPEAL from the *Kosciusko* Court of Common Pleas.

*Per Curiam.*—This case is decided upon the authority of *Patterson* v. *Crawford*, 12 Ind. R. 241.

Saturday,<br>December 3.

Nov. Term,
1859.

CONKEY
v.
AMIS.

The judgment is affirmed with 5 per cent. damages and costs.

*J. S.* and *G. W. Frasier*, for the appellants.

*G. D. Copeland*, for the appellee..

———— ••• ————

CONKEY and Another *v.* AMIS.

Where a levy was wrongfully made upon part of a lot of saw-logs, without distinguishing what part, and the part levied upon was sold without being pointed out or separated from the rest, and the purchaser never took possession or attempted to exercise any control over the property, it was *held*, that an action in the nature of trespass, would not lie against the officer and the purchaser.

*Saturday,*
*December 3.*

APPEAL from the *Vermillion* Court of Common Pleas.

WORDEN, J.—Complaint by the appellee against the appellants, alleging, that on, &c., at, &c., the plaintiff was the owner and possessed of fifty saw-logs of the value of 300 dollars, and ten thousand feet of lumber of the value of 200 dollars; that the defendants then and there, without leave, wrongfully took and carried away said property and have not returned the same, and other wrongs then and there did, to the damage of the plaintiff, &c.

There were answers in denial, and other pleading not necessary to be stated in this opinion.

The cause was tried by a jury, and a verdict found for the plaintiff for 70 dollars, on which judgment was rendered, over a motion for a new trial.

On the trial there was no evidence touching the lumber, and the alleged trespass to the logs was, in substance, as follows:

The plaintiff had forty-two logs in a certain mill-yard. The defendant, *Bright*, as a constable, had in his hands an execution issued to him by a justice of the peace, on a judgment in favor of *Conkey*, the other defendant, and against one *Wilson N. Amis*. *Bright*, by the direction of