## HILL and Another *v.* JONES.

In a suit upon a note and mortgage, the defendant pleaded a written release, alleging that the release was lost. Reply in denial, without verification by oath. *Held*, that although the want of a verification might, perhaps, excuse proof of the execution of the release, the reply was still effectual as a traverse of all other material averments in the answer.

APPEAL from the *Grant* Circuit Court.

DAVISON, J.—This was an action by *Jones* against *Jackson* and *Milton Hill*, to foreclose a mortgage given to secure the payment of a promissory note. The note bears date *June* 11, 1857, and is for the payment of 106 dollars.

Defendants' answer contains three paragraphs—

The first alleges that the plaintiff, on the 4th of *March*, 1858, executed to the defendants a written release in full discharge of the debt specified in the note and mortgage, which release has been lost or destroyed, so that the same cannot be produced, &c.

The second and third paragraphs make no point in the case, and will not, therefore, be further noticed.

Plaintiff replied by a general denial; but his reply is not verified by oath.

The Court tried the cause, and found for the plaintiff. New trial refused, and judgment, &c.

The appellants seek a reversal upon the ground that the reply being general, and not sworn to, it is not applicable to the defense; that it should have been verified by oath, or have been special as to the loss or destruction of the release.

May Term,
1860.

HILL
v.
JONES.

The ground thus assumed is untenable. The statute says: "Where a writing, purporting to have been executed by one of the parties, is the foundation of, or referred to in, any pleading, it may be read in evidence on the trial of the cause against such party without proving its execution, unless its execution be denied by affidavit before the commencement of the suit, or unless denied by pleading under oath. The party shall, in all cases, have inspection of the instrument of writing before pleading." 2 R. S. p. 44, § 80.

We are referred to this statutory rule; but it is at least doubtful whether the rule applies at all to the case at bar. It seems right that a party should have inspection of the written instrument, before he swears to the pleading which denies its execution; but such inspection cannot be had in cases where the suit is founded upon a lost note. *Clark* v. *Falkner*, 1 Blackf. 218. But suppose the rule to be applicable, it does not follow that the reply in this case is objectionable. Not being verified, it excused proof of the execution of the release. That, however, did not render it ineffective as a traverse of all other material averments in the defense. This position is sustained by various authorities. *Bates* v. *Hunt*, 1 Blackf. 67.—*Hager* v. *Mounts*, 3 *id*. 261.—*Fosdick* v. *Starbuck*, 4 *id*. 417.—*Kirkpatrick* v. *The State*, 3 Ind. R. 521.—*Buchanan* v. *Port*, 5 *id*. 264.— *Unthank* v. *The Henry County Turnpike Co.*, 6 *id*. 125.— *Riser* v. *Snoddy*, 7 *id*. 442. And the result is, the reply was well pleaded without a verification.

The evidence not being in the record, we must presume that the finding was in accordance with its weight.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*I. Van Devanter* and *J. F. McDowell*, for the appellants.