FORSYTHE and Another *v.* PARK.

Suit upon an assigned account. Answer: *first*, payment to the assignor, before notice of assignment, setting out a copy of the receipt; *second*, settlement with the assignor, the execution of a note for the balance, and payment of the note, setting out a copy. On the trial, the defendant proved the loss of the receipt and note, and, without proving their execution, offered evidence of their contents.

*Held*, that § 216, R. S. 1843, chap. 40, is continued in force by the code of 1852; and evidence of the contents of the receipt was admissible.

*Held*, also, that the note, having been executed by the party offering evidence of its contents, was not within the statute, and the evidence was, as to it, inadmissible.

APPEAL from the *Johnson* Circuit Court.

*Tuesday,*
*June 4.*

PERKINS, J.—Suit by the assignee upon an assigned account. Answer: 1. General denial. 2. Payment to the assignor before notice of assignment, setting out a copy of the assignor's receipt acknowledging such payment. 3. Settlement with the assignor, and execution of note to him for balance due; payment and cancellation of note, setting out a copy of the same.

The complaint did not aver a loss of the receipt and note, and no application was made to amend on the trial. Reply in denial.

On the trial, the defendant proved to the Court the existence and loss of the receipt and note, but did not prove their execution by the parties whose names purported to be signed to them. The Court refused to let their contents go to the jury, not on the ground of variance, there being no allegation of loss in the complaint, but for want of statutory authority. The assignor of the account was not a party to the suit, and no objection was taken on account of the omission. He was made a witness for the plaintiff; but there is nothing in the record disclosing what he swore to, or to what points his testimony was directed.

We think the Court erred in refusing to admit the contents of the receipt in evidence. See *Clark* v. *Faulkner*, 1 Blackf. 218, and notes; 14 Ind. 389. See, also, *Foster* v. *Beals*, 21 N. Y. (Court of Appeals,) 247. Section 216, R. S. 1843,

chap. 40, is continued in force by the code of 1852. *Patterson* v. *Crawford*, 12 Ind. 241. As to lost instruments in general, see the numerous cases in the Ind. Dig., p. 216.

We think the Court was right in rejecting the contents of the notes of the party himself; such notes are not within the meaning of the statute. Perhaps the party manufactured them for the occasion, and they had never been in the possession of the pretended payee.

We can not say, without knowing what the witness *Cole*, the assignor of the account, testified to, that his admission did any harm; and hence need not inquire if he was wrongly admitted, or otherwise.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for a new trial.

*F. M. Finch* and *S. P. Oyler*, for the appellants.

*G. M. Overstreet* and *A. B. Hunter*, for the appellee.