MAHON'S Adm'r *v.* SAWYER.

In an action upon a note or written contract, against the estate of the maker, the hand-writing or execution of the note or contract must be proven, section 80, 2 R. S., p. 44, being inapplicable to such cases.

A promissory note, to be binding, must be either actually or constructively delivered by the maker to the payee, but possession of such note is *prima facie* evidence of delivery.

APPEAL from the *Huntington* Common Pleas.

WORDEN, J.—This case is before us on the evidence, which in our opinion is clearly insufficient to sustain the finding and judgment below.

A promissory note was filed in the Court below on behalf of *Sawyer* against the estate of *Mahon*, deceased, which purported to have been executed by the deceased to *Sawyer* in 1842. *Mahon's* administrator contested the claim, but it was allowed.

On the trial there was no proof whatever of the hand-writing of the deceased, or of the execution of the note by him. This was necessary, the statute requiring the execution of written instruments to be denied under oath, not being applicable. *Riser* v. *Snoddy*, 7 Ind. 442.

Again, it does not appear, nor is there any thing in the evidence from which it might be legitimately inferred, that the note was ever delivered to or accepted by *Sawyer*, or that it ever came into his hands. The first account we have of the note is that it was found amongst the papers of one *George A. Fate*, deceased, it not being shown how it came there. The administrator of *Fate* did not claim the note. The attorney of *Fate's* administrator, being also the plaintiff's attorney, and being authorized to attend to all his business, filed the note in behalf of the plaintiff. We suppose that a promissory note, to be binding, must be either actually or con-

structively delivered by the maker to the payee. Here no such delivery is shown. If the plaintiff had been in possession of the note, such possession would have been *prima facie* evidence of delivery. If the possession of the note by *Fate* would raise a presumption of delivery, it would raise an equal presumption of a transfer of the note to *Fate* and of his right thereto. *Kimball* v. *Whitney*, 15 Ind. 280.

*Per Curiam.*—The judgment below is reversed with costs, and the case remanded.

*D. D. Pratt* and *D. P. Baldwin*, for the appellant.