## BRAY *v.* CARPENTER.

PRACTICE.—Where errors are alleged to have been committed in the Court below, but, on appeal to this Court, none are pointed out by counsel for the parties, this Court will not search the record for such errors.

APPEAL from the *Owen* Common Pleas.

WORDEN, J.—Action by *Carpenter* against *Bray* upon a promissory note made by the latter to one *Willard Carpenter* and *John Love*, and by the payees indorsed to the plaintiff. The note was indorsed, " *Willard Carpenter & Co.*," under which name and style it is alleged that the payees made the indorsement to the plaintiff. Judgment for the plaintiff.

Two grounds are assumed for a reversal.

1. That the indorsement by " *Willard Carpenter & Co.*" is not sufficient without extraneous evidence showing that *Love* was embraced in the " Co. ;" and 2. That error was committed in sustaining a demurrer to a paragraph of the answer filed.

The indorsement, as alleged in the complaint, by the payees in the name and style of " *Willard Carpenter & Co.*," not being denied by pleading under oath, no further evidence than the production of the note indorsed as alleged was necessary. *Patterson* v. *Crawford*, 12 Ind. 241 ; *Forsythe* v. *Park*, 16 Ind. 247.

In reference to the other point, the appellee claims that no question is before us, because, as he says, no exception was taken to the ruling on the demurrer. In this he is mistaken, as the record shows that the defendant properly excepted to the ruling.

But, on the other hand, the appellant has no brief upon this point. He says he thinks the " error is manifest, as will appear from a reading of .the paragraph ;" and this is all that is said upon the subject. He does not point out, nor in the slightest manner indicate, the particulars in which the alleged error is supposed to exist; nor does he suggest what facts alleged in the answer are supposed to have been a good defence to the note; nor are we advised what principle of law is supposed to have been violated by the ruling below.

Under these circumstances we are not called upon, either by inclination or duty, to range through a somewhat prolix pleading in search of alleged facts which might constitute a defence to the note sued upon, or, in other words, in search of an error not discovered by counsel, or, if discovered, not presented here for consideration.

*Per Curiam.*—The judgment below is affirmed, with costs, and 5 per cent. damages.

*David Sheeks,* for the appellant.

*Wm. M. Franklin,* for the appellee.