Hyer *v.* Norton.

*J. Davis,* for appellant.

*H. D. Thompson* and *W. R. Pierse,* for appellee.

---

## Hyer *v.* Norton.

PLEADING.—COMPLAINT.—A executed to B a writing in the form of a promissory note, except that a condition was annexed that there should be a credit allowed on it of a sum equal to half the amount of the liabilities of a co-partnership of A and B, existing at and up to the date of the writing. In a suit by B against A on the instrument, the complaint described the instrument as a promissory note, without noticing the stipulation for a credit, otherwise than by making a copy of the instrument part of the complaint.

*Held,* that the complaint was bad on demurrer.

APPEAL.—A defendant in a judgment is not precluded by an entry of replevin bail from prosecuting an appeal.

PARTNERSHIP.—A and B having been partners, C purchased the interest of

A in the firm, agreeing to pay one-half of the partnership debts of A and B, and B and C then formed a partnership. Afterwards, differences having arisen between A on the one part and B and C on the other part, they submitted the differences to arbitration, and an award was made setting forth, *inter alia,* that C had purchased from A an undivided one-half of the property, &c., of the firm of A and B, and had engaged in the purchase to pay half of the debts of said firm, &c.

*Held,* that the partnership debts of A and B did not become debts of the firm of B and C, either by the terms of the agreement between B and C, or of the award.

*Held,* also, that it was competent for the firm of B and C, as between themselves, to assume the debts of the firm of A and B.

APPEAL from the *Johnson* Circuit Court.

ELLIOTT, J.—This was a suit by *Norton* against *Hyer,* the appellant, and *McClellan,* on an instrument in writing, as follows:

"$550.              FRANKLIN, INDIANA, *September* 15th, 1865.

"On or before the 1st day of *January* next, I promise to pay *William C. Norton* the sum of five hundred and fifty dollars, value received, without relief from valuation or appraisement laws. Which said payment is to be made upon this express condition and stipulation, to-wit: that there shall be a credit allowed on said note of a sum equal to half of the amount of the liabilities of the co-partnership of *Hyer* and *Norton,* existing at and up to this date.

(Signed)              "G. J. HYER.

"H. L. McCLELLAN, Surety."

The complaint describes the instrument as a promissory note for the payment of the sum of five hundred and fifty dollars, without noticing the stipulation contained in it for a credit, otherwise than by making a copy of the instrument a part of the complaint. The defendants demurred to the complaint, because it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendants excepted.

The defendants filed separate answers. *McClellan* admitted the execution of the instrument sued on, and alleged that he was only the surety of his co-defendant *Hyer,* who was the principal therein.

*Hyer* answered in two paragraphs, numbered 2 and 3. In the second he admits the making of the note, that no payment had been made thereon, and that he is the principal, and his co-defendant *McClellan* only his surety thereon, and alleges that the note was executed, on the dissolution of the firm of *Hyer* and *Norton*, for the interest therein of said *Norton*, the plaintiff; that the liabilities of said firm of *Hyer* and *Norton*, existing at the time of the execution of the note, amounted to the sum of $1,374 14, a list of which was filed with and made a part of the answer; that an equal half thereof, to-wit, the sum of six hundred and eighty-seven dollars and seven cents, under the stipulation in said note, is to be credited thereon, which amount will fully discharge the same, wherefore, &c.

The third paragraph, after admitting the same facts as in the second, and alleging the same consideration for the note, further alleges, that the said partnership of *Hyer* and *Norton* was a continuation of a previous partnership between one *Abraham Cochran* and the defendant *Hyer;* that on the 22d of *July*, 1865, with the consent of *Hyer*, the plaintiff purchased the interest of said *Cochran* in said last mentioned firm, and contracted and agreed, in consideration of said interest, to assume and pay one equal half of all the out-standing debts and liabilities of said firm of *Hyer* and *Cochran*, the amount of which was at that time undetermined, the said *Hyer* and *Norton* agreeing to continue the old firm of *Hyer* and *Cochran*, under the name and style of *Hyer* and *Norton;* "that in furtherance and in consideration of said transfer and assignment, it was agreed by and between all of said parties, to-wit, the said *Norton*, *Hyer* and *Cochran*, that the firm of *Hyer* and *Norton* should assume all the liabilities and debts of the old firm of *Hyer* and *Cochran*, existing at the dissolution of that firm; that the liabilities of said firm of *Hyer* and *Cochran*, which were assumed by the new firm of *Hyer* and *Norton*, amounting to the sum of $778 10 (a list of which is filed with and made a part of the answer) became the liabilities of the

firm of *Hyer* and *Norton*; that part of said liabilities had been paid by the defendant, *Hyer*, since the execution of the note in suit, the residue remaining unpaid; that all of them were out-standing and existing liabilities against the firm of *Hyer* and *Norton*, at the date of said note; that at the same date there was also the further amount of $586 04 of debts and liabilities existing against said firm of *Hyer* and *Norton*, a list of which is also made a part of the answer; that portions thereof had since been paid by the defendant, *Hyer*, the residue still remaining unpaid, making a total of the liabilities of the firm of *Hyer* and *Norton*, existing at the date of said note, of $1,374 14, and that an equal half thereof, to-wit, the sum of $687 07, under the terms of said note, should be credited thereon—an amount fully sufficient to discharge the same."

In this paragraph, *Hyer* also sets up an arbitration, award and judgment thereon, in the Circuit Court, between *Hyer* and *Norton* and *Cochran*.

The court, on the plaintiff's motion, and over the objection of *Hyer*, struck out of the third paragraph of the answer all that part of said paragraph which related to the debts and liabilities against the firm of *Hyer* and *Cochran*, existing at the date of the note, and also so much of the paragraph as related to the arbitration, award and judgment; to which ruling *Hyer* excepted.

The plaintiff then replied in denial of the second and third paragraphs of the answer of *Hyer*. The issues were tried by the court, by consent of the parties, without a jury. Finding for the plaintiff for $387 85. Motion for a new trial overruled, and judgment. *Hyer* appeals.

It appears by the record that on the 20th of *March*, 1866, when the judgment of the court was rendered, *Hyer* prayed an appeal to this court, which was granted, and he thereupon filed an appeal bond, with *William H. Barnett* as his surety, which was approved by the court. On the 23d of *March*, *Barnett* asked to be discharged as surety on the appeal bond, which the court granted, and then gave *Hyer*

Hyer *v.* Norton.

ten days in which to file an appeal bond, and the plaintiff thereupon moved the court for an order directing the issue of an execution, *fi. fa.*, on the judgment forthwith, which was granted by the court. On *March* 25, *Barnett* became replevin bail on the judgment, and on the same day *Hyer* re-filed the former appeal bond, with *Barnett* as surety, the date of the bond being changed to *March* 23, which the court approved. The appellee insists that by the entry of the replevin bail, *Hyer* waived his right of appeal, and for that reason this court has no jurisdiction. We think otherwise. We know of no rule of law, by statute or otherwise, prohibiting an appeal after the entry of bail for the stay of execution, and we do not think that any good reason exists for such a rule.

The action of the court in overruling the demurrer to the complaint is the first point urged by the appellant for a reversal of the judgment. The objection urged to the complaint is, that the stipulation in the note sued on, in reference to the amount to be credited thereon, is a condition, operating as a limitation or qualification of the .contract, in the amount of money to be paid, rendering the obligation in that respect indefinite and uncertain, and that the complaint should, therefore, by proper averments, either negative the fact that there were any liabilities existing against the firm of *Hyer* and *Norton*, at the date of the note, or show the amount of such liabilities, whereby the amount due by the note could be ascertained and fixed. It is said to be a general rule of pleading that matter which should come more properly from the other side need not be stated, unless in some instances of pleas not favored by the courts, as a plea in estoppel, or of alien enemy; and matters in defeasance of the action need not be stated; and wherever there is a circumstance, the omission of which is to defeat the plaintiff's right of action, *prima facie* well founded, whether called by the name of a proviso or a condition subsequent, it must in its nature be a matter of defense,

Vol. XXVI.—18.

and ought to be shown in pleading by the opposite party. But if matter subsequent, in a deed or other contract, vary or qualify the terms of the previous stipulation, or constitute a condition precedent, then the whole must be stated. 1 Chitty's Pl., 10 Am. from 6 London ed. p. 223. Mr. *Stephen*, in his admirable work on pleading, after stating the general rule, adds: "But where the matter is such that its affirmation or denial is essential to the apparent or *prima facie* right of the party pleading, there it ought to be affirmed or denied by him in the first instance, though it may be such as would otherwise properly form the subject of objection on the other side." Stephen's Pl., p. 352.

In this case the provision in the obligation that a credit shall be allowed of a sum equal to half of the amount of the liabilities of the co-partnership of *Hyer* and *Norton*, existing at the date of the obligation, is a limitation upon the amount to be paid, and renders it indefinite. It is in effect a promise to pay $550, less one-half the amount of the liabilities then existing against the firm of *Hyer* and *Norton*. The amount of the liabilities referred to not being stated in the obligation, the sum promised to be paid is uncertain, and cannot be ascertained by reference to the obligation alone. This should have been aided by averments. The presumption arises from the terms of the obligation that there were liabilities to some amount then existing against the firm of *Hyer* and *Norton*, and the complaint should either have negatived this presumption or stated the amount of such liabilities. It does neither. It is therefore defective, and the demurrer should have been sustained.

The next question presented arises upon the action of the court below in striking out that part of *Hyer's* answer, in which he sets up the liability of *Hyer* and *Cochran* as existing liabilities against the firm of *Hyer* and *Norton*, at the date of the note sued on, and claims a credit on the note equal to one-half of such liabilities, and also that part of

the same paragraph relating to an arbitration between *Hyer* and *Norton* and *Cochran*, the award of the arbitrators and the subsequent judgment of the court thereon.

The award, which is made a part of the answer, states the parties thereto as " *Garret J. Hyer* and *William C. Norton* v. *Abraham Cochran,*" and then proceeds thus: "The said parties having agreed 'to submit all the matters of difference between them to the arbitration and award of *John T. Vawter, Gabriel M. Overstreet* and *Samuel P. Oyler*, and that their award shall be made a rule of court in the above entitled cause, the arbitrators met and subscribed the following oath," &c. The oath of the arbitrators is then set out, and the award proceeds: "After a full examination of the evidence we find and award that the defendant, *Abraham Cochran*, is indebted to the plaintiffs, *Hyer* and *Norton*, in the sum of $38 53, and that he pay an equal half of the costs in this 'case, both in court and of this arbitration." The arbitrators further found that on the 22d of *July*, 1865, *Norton* purchased of *Cochran*, and thereby became the owner of, one undivided half of all the property, stock in trade and assets of the firm of *Hyer* and *Cochran*, and that he contracted and agreed in said purchase to assume and pay one equal half of the out-standing debts of said firm of *Hyer* and *Cochran*. They also found that certain liabilities, which are stated, were among the debts and liabilities of the firm of *Hyer* and *Cochran*, and that the individual accounts of *Hyer* and *Cochran* were to be settled and balanced on the books of said firm. It is claimed by the appellant that this award is conclusive upon the parties to the present suit of the fact that the liabilities of the firm of *Hyer* and *Cochran*, by the agreement of the parties, were assumed by and became the liabilities of the firm of *Hyer* and *Norton;* but the award does not sustain the claim. It does not assume to settle, and in truth does not settle, any matter of controversy between *Hyer* and *Norton*. It purports to be an award upon matters submitted to the arbitrators in

a controversy between *Hyer* and *Norton*, on the one side, as plaintiffs, and *Cochran*, on the other, as defendant. True, it also contains a finding in reference to the purchase by *Norton* of the interest of *Cochran* in the firm assets of *Hyer* and *Cochran*, and of the agreement of *Norton* to assume and pay one-half of the liabilities of said firm; but it contains no finding that *Hyer* was a party to that agreement, or that the firm of *Hyer* and *Norton* had assumed, or agreed to assume, the liabilities of the former firm, and make the same the debts and liabilities of the firm of *Hyer* and *Norton*. Nor is the fact found by the arbitrators that *Norton*, in the purchase of the interest of *Cochran* in the firm of *Hyer* and *Cochran*, agreed to assume and pay one-half of the liabilities of that firm, any evidence that such liabilities became the debts or liabilities of the firm of *Hyer* and *Norton*. The firm of *Hyer* and *Cochran* was dissolved by the sale by *Cochran* of his interest to *Norton*. The firm of *Hyer* and *Norton* was not a legal consequence of that sale. They became joint owners of the property and assets of the former partnership, subject to the control of *Hyer* until the firm debts were paid, but not partners. Neither was compelled to continue the business, or to accept of the other as a partner. The partnership of *Hyer* and *Norton*, therefore, could have been formed only by the mutual agreement of the parties. *Hyer* and *Cochran* were still bound to the creditors to pay the debts of the firm; and the agreement of *Norton* with *Cochran*, to pay one-half of such debts, and the fact that *Hyer* was legally bound to pay the other half, (indeed the whole of them as between him and the creditors) did not constitute them the debts or liabilities of the partnership of *Hyer* and *Norton*, upon its formation. We are, therefore, of the opinion that the award set up in the answer did not constitute a valid defense to any part of the note upon which the action is founded, and that there was no error in striking it from the answer. But the answer, independent of the award, goes further. It contains the

direct averment that, by the agreement of the parties, the debts of *Hyer* and *Cochran* were assumed by and became a part of the debts and liabilities of the firm of *Hyer* and *Norton.* But the appellee insists that this averment is not sufficient, for the reason that *Hyer* and *Norton* could not assume the debts of *Hyer* and *Cochran*, without the assent of the creditors; that the answer contains no averment that the creditors were parties to the agreement, or assented to it; that the facts stated are, therefore, not sufficient to constitute any defense. We do not think the position, as applicable to the facts of this case, a sound one. It must be remembered that this is a controversy between *Hyer* and *Norton* alone, and not between them and the creditors of *Hyer* and *Cochran.* *Hyer* was the former partner in business of *Cochran;* the latter sold all his interest in the firm assets to *Norton*, who agreed to be responsible for and pay one-half of the debts of the firm; this agreement rendered him responsible, at least to *Cochran*, and the assets of the firm constituted a security in the hands of *Hyer* for the payment of the firm debts. *Hyer* and *Norton* then were the joint owners of the property and assets of the old firm, and it was the duty of each to pay one-half of the claims against that firm. They formed a new partnership, and agreed to continue the same business, with the same capital stock and assets of the old firm. Under these circumstances, it was certainly competent for them to agree that, as between themselves, the liabilities of the old firm, for which as individuals they were alike responsible, should enter into and become liabilities or debts of the new partnership; and if, as is alleged in the answer, such an agreement was in fact made between the parties, then, by the very terms of the partnership, the liabilities of *Hyer* and *Cochran*, remaining unpaid at the date of the note in controversy, constituted, as between the parties to this suit, a part of the partnership liabilities of *Hyer* and *Norton.*

If this view of the case be correct, it follows that the Circuit Court erred in striking out so much of the third

paragraph of the answer as related to the liabilities of the partnership of *Hyer* and *Cochran.*

The judgment is reversed, with costs, and the cause remanded to the court below, with instructions to sustain the demurrer to the complaint, and with leave to the parties to amend their pleadings.

*S. P. Oyler* and *D. W. Howe*, for appellant.

*G. M. Overstreet* and *A. B. Hunter*, for appellee.