## CAWOODS'S ADMINISTRATOR v. LEE.

DECEDENTS' ESTATES.—*Pleading.*—*Evidence.*—*Waiver.*—In an action against a decedent's estate on a promissory note purporting to have been made by him, the general denial not sworn to puts in issue the execution of the instrument; and the administrator who has filed such answer does not waive the proof of the execution of the note by his allowing it to be read in evidence without objection.

APPEAL from the Daviess Circuit Court.

GREGORY, J.—Lee filed a promissory note purporting to be executed by the intestate, payable to one Patrick, as a claim in his favor against the estate.

The claim was not admitted by the administrator, and was placed on the issue docket for trial. The case was transferred to the court below, the judge of the common pleas court having been of counsel for the claimant.

In the circuit court an amended complaint was filed, making the payee a party to answer to his interest; he filed a disclaimer. The administrator answered by the general denial. Trial by the court; finding for the claimant. A motion for a new trial, on the alleged ground that the evidence did not sustain the finding, was overruled. The only evidence, which is a part of the record by bill of exceptions, is the note, which was read without objection.

In *Riser* v. *Snoddy, Adm'r*, 7 Ind. 442; and in *Mahon's Adm'r* v. *Sawyer*, 18 Ind. 73, this court held, that in an action upon a note or written contract against the estate of the maker, the handwriting or execution of the note or contract must be proved, sec. 80, 2 R. S. 44, being inapplicable to such cases.

It is contended by the appellee that the proof of the execution of the note was waived by the administrator by his allowing it to be read without objection.

The general denial in this class of cases puts in issue the execution of the note. The claimant had a right to introduce the note in evidence, at least as *prima facie* proof of its execution. Its execution was a fact in issue, and was as

necessary to be proved as the production of the note in evidence. The failure to object to the introduction of the note did not waive this proof.

The court below erred in overruling the motion for a new trial.

Judgment reversed, with costs; cause remanded, with directions to grant a new trial, and for further proceedings.

*J. N. Evans,* for appellant.

*J. W. Burton* and *J. H. O'Neall,* for appellee.