NUTZENHOLSTER ET AL. *v.* THE STATE, EX REL. SUMNER ET AL.

OFFICIAL BOND.—*Demand Before Suit.*—In a suit on a constable's bond for failure to pay over money collected by him, to a justice of the peace, within a month after he has collected the same, no demand on the constable need be alleged or proved.

SAME.—*Evidence.*—*Authenticated Copy.*—An authenticated copy, under section 283 of the code, of a constable's bond, is admissible in evidence without proof of its execution, in a suit on the bond against the administrator of one of the sureties.

JUDGMENT.—*Irregularity.*—*Collateral Proceeding.*—In such an action, the officer or his surety cannot object to the original judgment or execution on which the money has been collected by the constable, on account of an irregularity, in that the names of the plaintiffs are given as a partnership.

APPEAL from the Madison Common Pleas.

BUSKIRK, J.—This was a suit upon a constable's bond, for a failure to properly account for money by him collected. Nutzenholster, as constable, executed his bond, with P. D. Kemp as surety. The breach complained of was, that the relators had recovered a judgment before a justice of the peace against one John Bender, upon which an execution had been issued and delivered to the constable; that while the same was so in the hands of the said constable, Bender paid to him the full amount of the principal, interest, and costs of the said judgment; that the said constable had failed and neglected to return the said execution, or to pay the said money so by him collected to the relators, or to the justice of the peace, but had embezzled the same.

The death of Kemp and the appointment of Davis as his administrator were alleged. A copy of the constable's bond, and of the judgment in favor of the relators and against Bender, and the subsequent proceedings thereon, was filed with the complaint. The defendants jointly, and Davis separately, demurred to the complaint. The demurrers were overruled, and proper exceptions were taken.

The cause was, by the agreement of the parties, submitted to the court for trial, who found for the plaintiff and over a motion for a new trial, rendered judgment on the finding.

Two errors have been assigned and argued by the counsel for the appellants; first, that the court erred in overruling the demurrer to the complaint; second, that the court erred in overruling the motion for a new trial.

The objection urged to the complaint is, that there is no averment that a demand was made of the constable for the money by him so collected before the commencement of the action.

Was a demand necessary?

It is alleged in the complaint that the money was collected by the constable in November, 1869. This action was commenced on the 29th day of July, 1870. It was also alleged in the complaint, "that the said Nutzenholster has wholly failed, neglected, and refused to pay over to the said justice, the plaintiff, or any other rightful authority said sum of money, or any part thereof, and has failed to make return of said execution, and has embezzled said judgment, interest, and costs."

The general rule is, that where a person acquires the possession of money or property lawfully, or with the consent of the owner, a demand is necessary before an action is brought. *English* v. *Devarro*, 5 Blackf. 588; *Underwood* v. *Tatham*, 1 Ind. 276; *Black* v. *Hersch*, 18 Ind. 342; *Conner* v. *Comstock*, 17 Ind. 90.

But the question of a demand, in the case under consideration, is regulated and must be determined by the statute. The fourth clause of section 3 of an act regulating the number and defining the powers and duties of constables (approved May 27th, 1852) makes it the duty of a constable "to pay over to the proper plaintiff, or to the proper justice, without delay, all money by him collected by virtue of any writ."

By section 9 of said act, it is provided, that "any constable who shall make any false return of any writ, or who shall fail to return the same at the return day thereof, or who shall fail to discharge any duties incumbent on him by law, shall, with his sureties, be liable on his bond to the person injured, to the extent of the injury, with ten per cent. damages thereon."

Section 10 of said act reads as follows: "Any constable who shall fail to pay over to the proper person, on demand, or to the proper justice, within one month after the receipt of the same, any money he may have collected by virtue of his office, shall, with his sureties, be liable on his bond to the person injured, for such money and twenty-five per cent. in damages on the amount."

We are, for the first time, required to place a construction upon the above section. The language is very ambiguous, and badly chosen to express what seems to have been the legislative intention. We have, with some hesitation, come to the conclusion that the true interpretation of the above section is, that where the action is brought for the failure of the constable to pay the money to the execution plaintiff, or his agent, a demand is necessary before the commencement of the action; but such constable is liable to an action on his bond for a failure to pay the money to the proper justice within one month after the receipt of the same, without any demand being made therefor. If a demand is made of the constable for the money by the plaintiff or his agent, he is compelled to pay the money immediately on the demand being made, and for a failure so to pay on demand, he and his sureties are at once liable to an action on his bond; but if no such demand is made of him, he is required to pay the money to the proper justice within one month after the receipt of the same, and a failure to do so will render him liable to an action on his official bond, and in such action it will not be necessary either to allege or prove a demand. When a demand is necessary, it need not be made of the officer while he is in office, but it will be sufficient if made at any time before the commencement of the action. *Parker* v. *The State,* 8 Blackf. 292.

We are of the opinion that the facts stated in the complaint rendered unnecessary any demand, and that the court committed no error in overruling the demurrer to the complaint.

It is also claimed that the court erred in overruling the

motion for a new trial, and in support of this assignment of error two questions are discussed.

The first is, that the court erred in admitting in evidence, over the objection and exception of the appellants, the bond of the constable, without proof that the same had been executed by Kemp, the surety on such bond.

It is claimed by the appellees, that the bond, having been duly authenticated as provided by sec. 283 of the code, 2 G. & H. 183, was admissible in evidence without proof of its execution either by the constable or his surety.

But it is maintained by the appellants, that while the above position may be correct when applied to the constable, when applied to the other appellant it is incorrect, for the reason that Kemp, the surety, was dead, and the action was being prosecuted against his administrator, and that as to him it was necessary to prove that the bond had been executed by the surety, and in support of this position reference is made to the cases of *Riser* v. *Snoddy*, 7 Ind. 442, and *Mahon's Adm'r* v. *Sawyer*, 18 Ind. 73.

The case of *Riser* v. *Snoddy*, *supra*, was a proceeding by the administrator against heirs of a decedent, to obtain an order for the sale of real estate to pay the debts of such decedent. To prove that it was necessary to convert real estate into money to pay debts, the administrator, over the objection and exception of the heirs, was permitted to read in evidence certain notes, which purported to have been executed by the decedent without proof of his handwriting.

It was claimed that the notes were properly admitted under section 80 of the code, 2 G. & H. 105, without proof, the execution thereof not having been denied under oath. This court say: "This suit was not against a party to the notes, nor were they read in evidence 'against such party.' The case, therefore, is not within the language of the statute. Is it embraced by its spirit? We think not. The maker of an instrument would know it, and if one were presented with his signature which he did not make, he would know it. Hence, it is reasonable to require him to deny instru-

ments signed with his signature, under oath, if at all. Not so as to his heirs, or others not purporting to be makers of the instruments. Heirs involved in suits like the present are generally, as in this case, minors, who are incapable of making even an admission, and against whom proof on all points is always required. They could not be expected to know, in all cases, the genuineness of a parent's signature, and be prepared to admit or deny it, in every given instance; and it would be unreasonable to require them to so do."

It was held by this court in *Mahon's Adm'r v. Sawyer, supra,* that "in an action upon a note or written contract, against the estate of the maker, the handwriting or execution of the note or contract must be proven, section 80, 2 G. & H. 105, being inapplicable to such cases."

While the appellees admit that the above decisions were correct, as applied to the facts of such cases, they insist that they have no application to official bonds.

This action does not come within the letter of section 80 of the code, *supra.* Does it come within its spirit? We think this case is not governed by section 80 of the code, but is governed by other sections of the statute. Section 14 of an act touching official bonds and oaths, 1 G. & H. 164, provides, that "a copy of any official bond legally certified, shall be received as evidence, and suit maintained thereon as on the original." The matter stands thus: section 5 of the above act requires the bonds of constables to be filed with the clerk, who has to record the same. Section 283, 2 G. & H. 183, provides for sworn copies of records, bonds, etc. Then section 14 above quoted makes such copy evidence. We are of the opinion that the court committed no error in admitting in evidence the copy of the bond, without proof of its execution. It is next maintained by the appellants that the court erred in admitting in evidence, over the objection and exception of the appellants, the transcript of the judgment and proceedings in favor of the relators and against Bender, for the reason that the judg-

ment was rendered in the name of William Sumner & Co., and that the execution was issued in that name.

We think there is nothing in the objection. The transcript was properly admitted. The appellants are estopped from denying the regularity of the judgment, by having acted upon the execution and collected the money thereon.

This court, in the case of *The State* v. *Hicks,* 2 Blackf. 336, which was a suit upon the official bond of the sheriff, for failure to pay over money collected on an execution, say: "The second assignment rests on better authority. In the case of *Wakefield* v. *Lithgow,* 3 Mass. 251, it was decided, that where a sheriff has collected money on an execution, he is bound to pay it over to the execution-plaintiff on demand. Where the writ is from a court of competent jurisdiction, an error or irregularity in the rendition of the judgment, or in the previous proceedings, furnishes no excuse to the officer for withholding the money. The sheriff recognized the legality and authority of the execution by acting upon it; and after having collected the money, it is not for him to say that the writ was illegal or unauthorized by the judgment. In the case of *Smith* v. *Bowker,* 1 Mass. 81, it was held that the officer is not holden to look beyond his execution; and, whether the judgment be erroneous or not, is a question with which he has nothing to do. See, also, *The People* v. *Waters,* 1 Johns. Cas. 137."

The above decision is directly in point, and is decisive of the point under consideration.

We, therefore, hold that the court committed no error in admitting in evidence the transcript of the judgment, and subsequent proceedings.

The Judgment is affirmed, with costs.

*W. R. Pierse* and *H. D. Thompson,* for appellants.

*M. S. Robinson,* for appellees.