## BELTON ET AL. *v.* SMITH.

APPEAL.—*Payment of Judgment.*—Payment of a judgment is no bar to an appeal therefrom, by the judgment defendant, and when made subsequent to an appeal cannot be pleaded to defeat the appeal.

EVIDENCE.—*Vendor and Purchaser.*—*Mortgage.*—In an action on notes and mortgage, which are filed with and made part of the complaint, the notes and mortgage are admissible in evidence against the parties defendants who, as alleged in the complaint, have purchased the mortgaged lands and agreed to pay the notes and mortgage made by their co-defendants, without proof of their execution, where their execution is not denied under oath.

SAME.—*Statute.*—Section 216, R. S. 1843, which provides that any pleading, denying, or requiring proof of the execution or assignment of any instrument of writing, which is the foundation of the suit, and is specially set forth in the declaration, shall not impose the necessity of such proof, unless verified by oath, is more comprehensive than sec. 80 of the code (2 G. & H. 105), and is continued in force by sec. 802 of the code (2 G. & H. 336).

PRACTICE.—*Parties.*—*Witness.*—Where the defendants were summoned to testify in reference to certain material facts, and refused to appear and testify, the court committed no error in rendering judgment as upon a confession, instead of striking out their answers, according to the provisions of sec. 299 of the code (2 G. & H. 188).

From the Shelby Circuit Court.

*A. Major* and *S. Major,* for appellants.

*K. N. Hord, A. Blair, M. M. Ray, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellee.

BUSKIRK, J.—This is an appeal from a money judgment. It is pleaded in bar of the appeal, that the appellants subsequently to the appeal paid and satisfied the judgment in full. It has been repeatedly decided by this court, that the payment of a judgment does not prevent the party so paying from afterward taking an appeal. *Hyer* v. *Norton,* 26 Ind. 269; *Armes* v. *Chappel,* 28 Ind. 469; *Dickensheets* v. *Kaufman,* 29 Ind. 154; *Kaufman* v. *Dickensheets,* 30 Ind. 258; *Hill* v. *Starkweather,* 30 Ind. 434. It seems necessarily to result, that if the right of appeal is not waived by the voluntary payment of the judgment, payment subsequent to an appeal cannot be pleaded to defeat an appeal already perfected.

This was an action by the appellee against Bond and Gray,

Belton *et al.* *v.* Smith.

makers of two promissory notes and a mortgage on certain real estate, and Belton and Stanley, who, it was alleged, had purchased the mortgaged lands, with an agreement to pay off such notes and mortgage. The complaint consisted of three paragraphs. There was a joint demurrer to the complaint. The first paragraph was clearly good, and we have not examined the second and third with the view of determining whether they were good or not, as the court was bound to overrule the demurrer, if there was one good paragraph. There was no error in overruling the demurrer to the complaint.

There was issue, trial by the court, and finding for appellee. Belton and Stanley moved for a new trial, for the reasons that the finding was contrary to law, not supported by the evidence, and that the damages were excessive; but the motion was overruled, and this is assigned for error. It is, in the first place, insisted that the court erred in admitting in evidence, over the objection and exception of appellants, the notes and mortgage filed with and made a part of the complaint, without the execution of such instrument being proved. It is claimed by counsel for appellants that they are to be regarded as strangers to such notes and mortgage, and that before they could be read in evidence against them, their execution should have been proved; and in support of this position reference is made to the cases of *Riser* v. *Snoddy*, 7 Ind. 442; *Mahon's Adm'r* v. *Sawyer*, 18 Ind. 73; *Martin* v. *Asher's Adm'r*, 25 Ind. 237; *Barnett's Adm'x* v. *The Cabinet Makers' Union*, 28 Ind. 254; *Cawood's Adm'r* v. *Lee*, 32 Ind. 44.

It was held in all the above cited cases, that in an action against a decedent's estate, upon a promissory note purporting to have been made by him, the general denial, not sworn to, put in issue the execution of such note. The ruling in those cases was placed upon the ground that section 80 of the code, 2 G. & H. 105, had no application to actions against decedents' estates; and consequently such cases have no application to the present one, which is governed by section 80 of our code, 2 G. & H. 105, so far as the makers of

Belton *et al. v.* Smith.

the note and mortgage are concerned, and by section 216 of chap. 40 of the revision of 1843, so far as affects Belton and Stanley. By section 80, it is provided, that " where a writing, purporting to have been executed by one of the parties, is the foundation of, or referred to in, any pleading, it may be read in evidence on the trial of the cause against such party, without proving its execution, unless its execution be denied by affidavit before the commencement of the trial, or unless denied by a pleading under oath."

It will be observed that the above section is limited in its application to parties to the action, by whom the writing purports to have been executed, and is admissible against such party without proof of its execution, unless denied under oath in the manner provided therein. Under this section, the note and mortgage in this action, purporting to have been executed by Bond and Gray, were admissible against them without proof of their execution, but they were not admissible against Belton and Stanley without proof of their execution, because they did not purport to have been executed by them.

Section 216 of the revision of 1843 provides that any pleading, denying or requiring proof of the execution or assignment of any instrument of writing, which is the foundation of the suit, and is specially set forth in the declaration, shall not impose the necessity of such proof, unless verified by oath. R. S. 1843, p. 711.

The above section is broader and more comprehensive than section 80 of our code. It is not limited to parties to the action by whom the writing purports to have been executed. It applies to all parties to an action, and therefore embraces Belton and Stanley. It has been repeatedly decided by this court that the above quoted section of the revision of 1843 was continued in force by section 802 of our code, 2 G. & H. 336. *Abernathy* v. *Reeves*, 7 Ind. 306; *Rees* v. *Simons*, 10 Ind. 82; *Hauser* v. *Hays*, 11 Ind. 368; *Patterson* v. *Crawford*, 12 Ind. 241; *Berry* v. *Bolan*, 13 Ind. 259; *Woodward* v. *Mathews*, 15 Ind. 339; *Jones* v. *Gregg*,

17 Ind. 84; *Patterson* v. *Prior,* 18 Ind. 440; *Bray* v. *Carpenter,* 20 Ind. 255; *Lawson* v. *Sherra,* 21 Ind. 363.

In our opinion, the court committed no error in admitting in evidence the note and mortgage sued on, without proof of their execution, their execution not having been denied under oath.

It is, in the next place, contended by counsel for appellants, that the finding was not sustained by the evidence, because it was not found that the appellants had purchased the mortgaged lands with an agreement to pay the balance due upon the mortgage, as a part of the purchase-money. It appears from a bill of exceptions in the record, that the appellants had been "summoned as witnesses by the plaintiff, and that they failed to appear, and failed and refused to testify as to the fact that they were the owners of the equity of redemption and had agreed and promised to pay said notes as part of plaintiff's consideration of the conveyance to them by said mortgagor."

It is provided by section 299 of the code, 2 G. & H. 188, that "any party refusing to attend and testify as above provided, may be punished as for a contempt, and his complaint, answer, or reply, may be stricken out."

It appears that the court below rendered judgment against the appellants, as upon a confession, for their failure to attend and testify as witnesses for the plaintiff. This was, in effect, the same as striking out their answer, in which case judgment would have been rendered against them for want of an answer. We think the appellants have no right to complain of the action of the court. They had been duly summoned to testify for the plaintiff, in reference to a question peculiarly within their knowledge. They failed and refused to obey the process of the court, and were guilty of contempt, for which they might have been punished. The court, however, did not resort to this extreme remedy, but treated as true the allegations of the complaint affecting them, and rendered judgment accordingly. This was in accordance

with the spirit of the statute, and less than this the court could not have done.

We think the court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.