## HEDDENS v. YOUNGLOVE, MASSEY & CO.

PRINCIPAL AND AGENT.—*Demand.*—In a complaint by a principal against his agent to recover money collected by the latter and not paid over, it is essential to aver a demand of payment before suit.

SAME.—*Arrest of Judgment.*—When, in a suit by the principal against his agent for not paying over money collected, the complaint fails to allege a demand before suit, and there is a verdict for the plaintiff, judgment should be arrested.

AMENDMENT.—*After Verdict.*—A bad complaint cannot be made good by an amendment after verdict. Such amendment is not properly a part of the record.

From the Cass Circuit Court.

*H. C. Thornton*, for appellant.

BUSKIRK, J.—This was an action by the appellee against the appellant, to recover for certain moneys by him collected as the agent of the appellee.

There was issue, trial by jury, and a general verdict in favor of the appellee. The jury, in answer to a special interrogatory, found that the appellee had made a demand of the appellant for said sums of money before the commencement of the action. The court overruled motions for a new trial and in arrest of judgment, and the errors assigned are based on these rulings.

Having reached the conclusion that the court erred in overruling the motion in arrest of judgment, we shall not pass upon the motion for a new trial.

The complaint alleged that the appellant, as the agent of the appellee, had collected certain sums of money, which had not been paid over, but there was no averment of any demand for the payment of such moneys. This omission made the complaint defective. In *Armstrong* v. *Smith*, 3 Blackf. 251, this court said : " This appears to us to be a plain case. The declaration shows that the defendant collected the money, for which the suit was brought, as the agent of the plaintiff. To entitle a party, under such circumstances, to recover, he should aver and prove a demand of the money previously to

the commencement of the suit. It would be unjust, and con-trary to the implied contract between the parties, in cases like the present, to subject the agent to a suit for the money col-lected by him for his principal, without a previous demand."

The ruling in the above case has been followed in the fol-lowing cases: *Judah* v. *Dyott*, 3 Blackf. 324; *Hannum* v. *Curtis*, 13 Ind. 206; *English* v. *Devarro*, 5 Blackf. 588; *Jones* v. *Gregg*, 17 Ind. 84; *Black* v. *Hersch*, 18 Ind. 342; *Catterlin* v. *Somerville*, 22 Ind. 482; *Bougher* v. *Scobey*, 23 Ind. 583; *Underwood* v. *Tatham*, 1 Ind. 276; *Conner* v. *Comstock*, 17 Ind. 90; *Nutzenholster* v. *The State, ex rel. Sumner*, 37 Ind. 457.

It appears from a bill of exceptions that some twenty days after the verdict of the jury had been returned, and while the motion for a new trial was pending, the appellee asked and obtained leave of the court to amend the complaint, and that it was amended by averring a demand before the commence-ment of the action. The court possessed no power to permit such an amendment to be made after the trial. The question was fully considered, and the authorities reviewed, in the case of *Maxwell* v. *Day*, 45 Ind. 509. We cannot regard the amendment as constituting a part of the complaint. Without an averment of demand, the complaint was fatally defective, and the motion in arrest of judgment should have been sus-tained.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to arrest the judgment.