## MILLER v. CAMPBELL.

STATUTE OF FRAUDS.—*Contract for Sale of Land.*—*Description.*—A contract for the sale of land must so far describe the land that it may be identified without resort to parol evidence. Therefore a written contract for the

payment of a certain sum for "the one hundred and twenty acres of land in Shannon county, Missouri," at a certain date, "provided it is not sold before that time," could not be enforced.

From the Marion Superior Court.

*A. F. Denny*, for appellant.

WORDEN, J.—Action by Campbell against Miller. Complaint in three paragraphs, all based upon the following instrument, viz.:

"Mr. A. R. Miller: I will give my lot on North Pennsylvania street, and will assume encumbrance of four thousand dollars on lot No. 4 in outlot in Adamson's subdivision, in the city of Indianapolis, and will pay the twenty-eight dollars interest that is now due on the four-hundred-dollar note to the State of Indiana, you paying the interest that is now due on the three thousand six hundred dollars (being three hundred and sixty dollars), for your house and lot, situated at No. 331 North Pennsylvania street. You assume my taxes and street improvements for 1870, and I will do the same on yours, and will take possession of your property on the 20th day of October, 1870; and said Miller obligating to pay me four hundred dollars for the one hundred and twenty acres of land in Shannon county, Missouri, on the 1st day of August, 1872, provided it is not sold before that time, and Miller paying the interest on the State of Indiana note for the year 1872.

"September 22d, 1870.

"J. D. CAMPBELL.

"I accept the above proposition.

"A. R. MILLER."

A demurrer was filed to each paragraph of the complaint for want of sufficient facts, but was overruled. Exception. Such further proceedings were had as that final judgment was rendered for the plaintiff.

On appeal to the general term, the ruling at special term in overruling the demurrer was, amongst other things, assigned for error, but the judgment rendered at special

term was affirmed. The proper error is assigned here, viz., the affirmance at general term of the judgment rendered at special term.

Each paragraph of the complaint is based upon the stipulation in the contract by which Miller was to pay Campbell four hundred dollars " for the one hundred and twenty acres of land in Shannon county, Missouri," etc.

The breach of the contract complained of, though stated in different ways in the different paragraphs, consisted of the defendant's refusal to receive and pay for the Missouri land, as stipulated for.

It is insisted by counsel for the appellant, that that portion of the contract which has reference to the Missouri land is void for uncertainty, and cannot be enforced.

This position, in our opinion, is well taken, and the objection is fatal to the complaint. It is a well settled principle, under the statute of frauds, that contracts for the sale of land must so far describe the land as that it may be identified without resort to parol evidence. See *Baldwin* v. *Kerlin*, 46 Ind. 426, and authorities there cited. In this case, there was no description of the Missouri land given in the contract, except that it lay in Shannon county. Doubtless the parties may have had in view a particular tract of land, containing one hundred and twenty acres, and the plaintiff may have been able to show by extrinsic evidence what particular tract was intended; but this would be to subvert and overthrow the statute.

One paragraph of the complaint sought to reform the contract; but if it could be reformed, there were no sufficient allegations to justify a reformation. See *Baldwin* v. *Kerlin*, *supra*, and cases there cited upon this point.

We are of opinion that the demurrer to the complaint should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.