## CRAWFORD ET AL. *v.* CROCKETT ET AL.

MECHANICS' LIENS.—*Material Man.—Lien.—Personal Liability.—Statute Construed.—Remedy.*—Section 647 (2 R. S. 1876, page 266) gives to a material man a right to acquire a lien upon a building for which he has furnished material, and section 650 prescribes the means by which it is to be acquired; while section 649 gives to him a right, by taking the steps therein required, to hold the owner of such building personally liable for the value of such material: being separate and independent remedies, either or both of which may be acquired.

SAME.—*Pleading.—Action to Enforce Personal Liability.—Notice.*—To hold

such owner personally liable for the price of such material, he must have . been served with the notice required by such section 650, of an intention to hold him so liable; and, for this purpose, a notice of an intention to acquire a lien upon his property is insufficient.

SAME.—*Pleading.— Complaint to Enforce Lien.—Arrest of Judgment.*—Where, in an action to enforce a lien against the defendant owner's real estate, for the price of material sold to, and used by, a contractor in the erection thereon of a building, the complaint alleges simply, that such material was furnished by the plaintiff to such contractor, and used by him in the construction of such building, it is bad on motion in arrest of judgment.

SAME.—To hold the property of a person liable to a lien for the value of material used by his contractor in erecting a building thereon, the material man must have furnished it expressly for use in such building.

SAME.—*Practice.—Striking Cause from Docket.—Parties.*—Where, in such action, a motion in arrest of judgment is properly sustained on account of the insufficiency of the complaint, the fact that such contractor is a party defendant therein is no reason that the cause should not be struck from the docket on motion.

SAME.—*Amendment.*—An amendment to a complaint to enforce a material man's lien, changing the nature of the action to one to enforce a personal liability against the defendant owner, but leaving the complaint fatally defective for want of an allegation that the proper notice had been given by the plaintiff, to the defendant, of the intention of the former to hold the latter thus liable, can not be made.

SAME.—*Arrest of Judgment.*—The filing of an amended complaint in a cause, after a motion in arrest of judgment has been sustained, does not bring the defendant back into court, as such arrest puts an end to the cause.

SUPREME COURT.—*Practice.—Presumption* —Where, from the record on appeal to the Supreme Court, it does not appear that the party complaining of a ruling has been injured thereby, such ruling will be presumed to have been right.

From the Cass Circuit Court.

*F. Swigart,* for appellants.

*F. S. Crockett,* for appellees.

WORDEN, C. J.—Action by the appellants, against the appellees, Crockett and Woodling. The complaint was as follows:

" For amended complaint herein, the plaintiffs say that they are a firm, doing a general lumber business in the city of Logansport, Indiana, under the firm name and

style of Crawford & Co.; that on or about the 16th day of April, 1869, they sold and delivered to one Jefferson Woodling a large lot of lumber, the particulars of which are set forth in 'Exhibit A,' filed herewith and made a part of this complaint; that [there] remains due and unpaid, for said lumber, the sum of two hundred and fourteen dollars and fifty-nine cents, from defendants to plaintiffs.

"The plaintiffs further aver that the defendant Crockett was, on the 15th day of April, 1869, and is, the owner in fee of the east quarter of lot number twenty (20) in The Administrator's of John Tipton, deceased, First Addition to the Town of Logansport; that the said Woodling used the said lumber in and upon the construction of a house for said Crockett, upon said lot number twenty (20), under a contract entered into with said Crockett for that purpose; that on the 12th day of July, 1869, the plaintiff filed, in the recorder's office of Cass county, a notice to the said defendant Crockett, of his intention to hold a mechanic's lien on said house, erected by said Woodling on lot number twenty, (20) and the real estate on which said house is situate, a copy of which is filed herewith, marked 'Exhibit B,' and made a part of this complaint; that said notice of his lien was recorded on page 307 of Miscellaneous Record No. 2, in the recorder's office of Cass county, Indiana, on the 12th day of July, 1869, within the time allowed by law for filing mechanics' liens, and before the building was completed; that [on] said 12th day of July, 1869, the plaintiffs delivered to the defendant Crockett a written notice that the plaintiffs intended to hold a lien on said house, and that for the said sum of two hundred and fourteen dollars and fifty-nine cents; that said writing is in the hands of the defendant, and the plaintiffs can not give a copy. Wherefore the plaintiffs demand judgment against the defendants, in the full sum of two hundred and fifteen dollars, and interest from the 12th day of July, 1869, and the enforcement of

the mechanic's lien, as against the property of the defend-
ant Crockett, and the costs of this suit, and other relief."

Issues were formed, and the cause was tried by the
court, resulting in a finding for the plaintiffs, in the fol-
lowing words:

"And the court, after hearing the evidence, finds for
the plaintiffs, that there is due to the plaintiffs, from the
defendant Frank S. Crockett, on this cause of action, the
sum of two hundred and thirty-one dollars and ninety-
six cents, and that the same is a lien on the real estate
described in the lien herein."

This finding, on the motion of Crockett, and on written
causes filed, was set aside and a new trial granted. Af-
terwards the cause was again submitted to the court for
trial, and there was a finding for the plaintiffs, in the sum
of two hundred and fourteen dollars and fifty-nine cents.
Crockett again moved for a new trial, but his motion was
overruled. He then moved in arrest of judgment.

Pending the motion in arrest, the plaintiffs asked leave
to amend the complaint, so as to make it correspond
with the proof, by adding the words, "And plaintiffs aver
that defendant Crockett was, on the 12th day of July,
1869, indebted to his codefendant Woodling, in the sum
of three hundred dollars."

The motion for leave to amend was overruled, and the
motion in arrest of judgment sustained. Afterwards the
plaintiffs filed what is called in the record an amended
complaint in the cause, which is not in the record, the
clerk stating that it is not on file; and, after this, on
motion of Crockett, the court struck the case from the
docket.

Errors are assigned upon the various rulings above
stated.

It is claimed that the court erred in setting aside the
first finding and granting a new trial. This ruling does
not appear to have been wrong, and it will be presumed to
have been right. The motion in arrest of judgment, and

that for leave to amend the complaint, may be both examined together, as they involve, in some measure, the same considerations.

Section 647 (2 R. S. 1876, p. 266) gives one furnishing materials for the construction of a building the right to acquire a lien thereon, and on the interest of the owner in the lot or land on which it stands, to the extent of the value of the materials furnished. Section 650 provides the mode of acquiring the lien, concerning which something more will be said hereafter. Section 649 provides for a personal liability in favor of sub-contractors, material men, etc., against the owner of the building, for the amount of their claims against their employer, but not to exceed the amount that is due, or may become due, from the owner to the employer; but they must, in order to hold the owner personally liable, give him notice in writing, particularly setting forth the amount of their claims, and that they hold him responsible therefor. Thus it is seen that material men, etc., may acquire a lien upon the property to the extent of the value of the materials furnished, or they may hold the owner of the building personally liable, not exceeding the amount that may be due, or may become due, from him to the contractor. They may do one or the other, or both. *Colter* v. *Frese*, 45 Ind. 96.

To acquire a lien on the property, it is provided by section 650, that the party must file in the recorder's office of the county, within sixty days after the completion of the building or repairs, notice of his intention to hold a lien upon such property, for the amount of his claim.

To acquire a lien on the property, the notice must be filed in the recorder's office; to hold the owner personally liable, notice in writing must be given him that the party holds him responsible.

Having looked at these provisions of the statute, we turn to the complaint, and the question that first suggests itself is, whether it was intended as a complaint to enforce

a lien upon the property, or to hold Crockett, or Crockett and Woodling, personally responsible. A joint action would not lie against Woodling and Crockett for the lumber, on the facts stated.    We think, clearly, it was intended as a complaint to enforce a lien, and nothing else.   It does not show that any step had been taken to fix a personal liability upon Crockett.   It does not show that any notice had been given to Crockett that the plaintiffs held him responsible.   It avers, to be sure, that the plaintiffs delivered to him a notice that they intended to hold a lien on the house for the sum claimed.   But this is not what the statute requires in order to hold the owner responsible.   If, therefore, the amendment which the plaintiffs asked leave to make had been made, still the complaint would have been radically defective as a complaint against Crockett, as for a personal liability.   If the amendment could have been made at all, after the finding, as to which see *Heddens* v. *Younglove*, 46 Ind. 212, it was such a one as ought not to have been allowed, as it was intended to allow a personal recovery against Crockett, and would have changed the entire character of the action, from one to enforce a lien on property, to one to enforce a personal liability, and would still have left the complaint radically defective for that purpose, without making another amendment, leave to make which was not asked.

The complaint, viewed as one to enforce the lien, is radically defective in not averring that the lumber was furnished for the building, if for no other reason.   It is not sufficient to aver that the lumber was furnished to the contractor and used in the building.   *The City of Crawfordsville* v. *Barr*, 45 Ind. 258; *Hill* v. *Braden*, 54 Ind. 72, at the present term.

The court committed no error in refusing leave to amend, or in arresting the judgment.

The arrest of the judgment put an end to the case.

*Raber* v. *Jones*, 40 Ind. 436. The subsequent filing of an amended complaint did not bring the parties back into court, and the court did right in striking the case from the docket.

It is insisted, however, that it was error to arrest the judgment and strike the case from the docket, as to Woodling.

The gist of the complaint, as we have seen, was against Crockett, to foreclose the supposed lien, and Woodling was not a necessary, though perhaps a proper party. He may, perhaps, have been a proper party, in order to settle the question as to whether he owed the plaintiffs for the lumber, and, if so, how much, in order to establish the amount for which the plaintiffs were entitled to hold a lien; but whatever disposed of the case as to Crockett, disposed of it as to Woodling.

There is no error in the record, and the orders of the court below in arresting the judgment and striking the case from the docket, are affirmed.

Petition for a rehearing overruled.