Newman v. Perrill.

———————————

No. 7759.

NEWMAN v. PERRILL.

73  153
130  578

CONTRACT.— Breach.— Damages. — Pleading. — Penalty. — Real Estate.— Description.— Conveyance.—P. executed a written contract to N., wherein he agreed to convey to him certain described land in Hardin county, Ill., if not then disposed of by parties with whom it was left for disposition; and if so, in lieu thereof, to convey to N. "one hundred and

sixty acres of land in any one of the following counties in the State of Missouri, viz.: * * *  Now, should the said P. fail to comply with the above contract, he forfeits the sum of one thousand dollars to the said N." Suit by N. for breaches of such contract.

*Held*, that such sum was the penalty named to secure a performance of the contract by P., and N. could only recover by showing a failure to perform and a loss resulting.

*Held*, also, that a complaint on such contract, to show a failure of performance in respect to the land in Hardin county, must aver that it had not been disposed of when such contract was executed.

*Held*, also, that the right to demand a conveyance of the land in Missouri could not be enforced, as the contract with reference thereto was invalid for want of a description.

PRACTICE.—*Demurrer.*—*Motion in Arrest.*—*Judgment.*—A court does not, by ruling wrongly upon demurrers, preclude itself from afterward ruling rightly upon a motion in arrest of judgment. It is the duty of the court not to permit a judgment upon a complaint so clearly insufficient as to afford no foundation therefor.

SAME.—*Pleading.*—*Verdict.*—A pleading will be sustained after verdict by every reasonable intendment that can be made from the facts pleaded; but the absence of an essential allegation can not be cured thereby.

From the Boone Circuit Court.

*A. J. Palmer*, *J. W. Schuck* and *F. M. Charlton*, for appellant.

*H. W. Harrington*, *A. G. Howe* and *J. W. Clements*, for appellee.

ELLIOTT, J.—The questions presented by this appeal arise upon the ruling of the court sustaining the appellee's motion in arrest of judgment. The complaint is based upon the following written contract, viz.:

"ZIONSVILLE, IND., March 24th, 1877.

"If an eighty-acre tract of land described as follows: The north half of the northeast quarter of section four (4), township eleven (11) south, of range eight east, located in Hardin county, Ill., be not disposed of at this date—said land being placed in the hands of a party for disposal—then J. A. Perrill agrees to make to J. J. Newman a warranty deed for above described land. If, however, it is negotiated

and bargained to other parties, in whose hands it was left for disposition, then, in lieu of this, the said J. A. Perrill agrees to deed to the said J. J. Newman one hundred and sixty acres of land in any one of the following counties in the State of Missouri, viz.: Wayne, Butler, Shannon, Carter, Reynolds or Taney. Deed to be warranty. The above contract is made and given to satisfactorily arrange and adjust a difficulty between Jasper Jones, J. J. Newman and Henry Cushing. Now, should the said Perrill fail to comply with the above contract, he forfeits the sum of one thousand dollars to the said J. J. Newman; otherwise it is null and void. Land to be furnished in ninety days.

"J. A. PERRILL."

There are no allegations in the complaint that in any wise assist in the construction of the contract, and it must be construed as it is written, without any aid from extrinsic matters. It is not alleged that the land in Hardin county, Illinois, had not been disposed of at the time the contract was executed. The breach assigned is that the appellee failed to convey the land in Hardin county, or to convey the land in Missouri, or to pay the appellant the sum of one thousand dollars, or any part thereof.

The appellant in his original brief insists that the contract sued on should be deemed a promise to, pay the sum of one thousand dollars, with the privilege, if exercised within ninety days, of paying by the conveyance of property. The contract will not bear any such construction. The sum of one thousand dollars is the penalty named in the bond to secure the performance of the acts which the obligor undertook to perform. The obligee can only recover by showing the failure to perform and loss resulting.

The complaint does not show a failure of performance in respect to the land in Hardin county, Illinois, for the reason that it does not aver that the land had not been disposed of when the contract was executed. The appel-

lee did not undertake to convey this land unconditionally, but only upon condition that it had not been disposed of by the party in whose hands it had been placed.

The right to demand a conveyance of lands in Missouri can not be enforced. The contract is one which the statute of frauds requires shall be in writing, and, as there is no real estate at all described, the contract is not valid. There is no attempt at description, and there is, therefore, no contract for the conveyance of lands. As the contract is invalid, there can be no right of action grounded upon it. *Dingman* v. *Kelly*, 7 Ind. 717; *Baldwin* v. *Kerlin*, 46 Ind. 426; *Miller* v. *Campbell*, 52 Ind. 125.

Appellant argues that, as the court had overruled demurrers to the complaint, it could not afterwards rightfully sustain a motion in arrest. We do not think that the court, by ruling wrongly upon the demurrers, precluded itself from afterwards ruling rightly upon the motion in arrest. If, when the motion was presented, the court deemed the complaint so clearly bad as not to be sufficient to sustain a judgment, it was right to arrest the proceedings at that stage, notwithstanding the fact that at an earlier stage the court had entertained a different opinion.

A complaint fatally defective is vulnerable to attack, even upon appeal, and there can certainly be no error in declaring a fatally defective complaint bad on motion in arrest, although demurrers may have been previously overruled. It is the duty of the court not to permit a judgment to be entered upon a complaint which is so clearly insufficient as to afford the judgment no foundation. There can be no valid judgment without a sufficient complaint, and, where a party's complaint is incurably bad, he can not justly complain of any ruling which prevented him from obtaining a judgment based upon it.

We are not unmindful of the doctrine that there are many defects which are aided by a verdict, nor have we any incli-

nation to narrow that doctrine. But it is not every defect that a verdict will cure. The pleading will, after verdict, be sustained by every reasonable intendment that can be made from the facts pleaded. Chitty says: "The particular thing which is presumed to have been proved must always be such as can be implied from the allegations on the record, by a fair and reasonable intendment." 1 Chitty Pl. 705. In *Crawford* v. *Crockett*, 55 Ind. 220, a motion in arrest was held to have been rightly sustained, because the complaint, which sought to enforce a mechanic's lien, did not aver that the materials were furnished for the building, although, in every other respect, the complaint was sufficient. In *Heddens* v. *Younglove*, 46 Ind. 212, it was held that a complaint which failed to aver a demand, in a case where a demand was essential to the cause of action, was bad on a motion in arrest. To the same effect is the case of *Pierse* v. *Thornton*, 44 Ind. 235. In *McMillen* v. *Terrell*, 23 Ind. 163, it was held that, where the complaint pleaded a contract, void by the statute of frauds, a motion in arrest ought to have been sustained. In *Sharpe* v. *Clifford*, 44 Ind. 346, a motion in arrest prevailed against a complaint seeking to enforce a mechanic's lien, for the reason that the complaint did not allege that notice of intention to hold a lien had been filed within the time prescribed by law. It was there said: "There is no allegation touching the question whether the notice was filed within the time required by the statute; consequently, we can not infer that there was any proof on the subject. The rule that, where a fact is alleged, though so defectively that the pleading would be demurrable, such defect may be cured by a verdict, and a motion in arrest defeated, does not apply in this case. There is no averment on the subject." The language of the court quoted applies with great force to the case in hand. There is not even an intimation that Perrill's land had not been disposed of when the contract was executed. There is no fact stated, nor any allegation made, from which

Newman *v.* Perrill.

any such intendment can be drawn. The complaint is entirely silent upon that subject; not one word is said upon it. There is not even a hint, much less a substantive statement, authorizing the intendment that Perrill's agent had not disposed of the Hardin county land.

There can be no doubt as to the meaning of the contract. Perrill undertook to convey the land in Hardin county only on one contingency, and that was that it had not been disposed of. He did not undertake to convey unconditionally, but, upon the contrary, explicitly provides that in one case only will he agree to convey, and that case is, to borrow the language of the contract, "if it be not disposed of at this date—said lands being placed in the hands of a party for disposal." To make a *prima facie* case,—and all complaints must do that or be adjudged bad,—it was necessary that the complaint should aver that the Hardin county land had not been disposed of. Certainly it was necessary to state some fact from which it could be reasonably inferred.

We hold the complaint bad so far as concerns the Hardin county land, because it does not state some fact or facts, from which it can be inferred that the land had not been disposed of when the contract was entered into. We do not pronounce against it because of defective allegations, or insufficient statements, but, because there is a complete and absolute absence of all facts and all allegations upon that subject. If there were any facts or statements, upon which we could found an intendment in favor of the pleading, we should unhesitatingly declare that the motion in arrest should not be allowed to prevail.

Judgment affirmed.