## STANLEY LAWTON v. ISAAC L. CASE ET AL.

1.  *Mechanic's Lien—Ownership.*—In a proceeding under the mechanic's lien law, a complaint must aver that the defendant is the owner of, or a claimant asserting some interest in, the real estate against which the lien is to be enforced.

2.  *Furnishing Materials.*—The complaint must show that materials were furnished *for* the building.

3.  *Notice.*—The complaint must also show that notice of the intention to hold a lien for materials furnished was filed within sixty days from the time the materials were furnished.

4.  *When Demurer Lies.*—A demurer lies in mechanic's lien cases where there is no personal liability; but not where the lien is merely collateral or auxiliary to a personal liability.  The remedy is then by motion to strike out.

5.  *What Complaint Must Show in Suit Against Owner by a Sub-Contractor.*—A complaint which seeks to hold an owner for a debt created by the contractor, must show ownership, the service of a snfficient written notice, and that when the notice was served the owner was indebted to the contractor.

6.  *When Personal Judgment is Improper.*—No personal judgment can be taken upon a mechanic's lien where the owner is sued by a sub-contractor, unless notice has been served upon the owner, as provided by the statute.

Filed April 22, 1881.

Appeal from Grant Circuit Court.

J. L. Custer, for appellant, cited 57 Ind. 480; 46 Ind. 438; *Hamilton* v. *Naylor* (November 24, 1880), as to sixty days' notice; *City of Crawfordsville* v. *Barr* (May 27, 1879), as to sufficiency of notice; *Ogg* v. *Tate*, 52 Ind. 159, as to authority of contractor to erect the building, shown by the notice; *Hill* v. *Braden*, 54 Ind. 73, as to notice showing credit to be given on account of the building.  Also cited, in general terms, *Crawford* v. *Crockett*, 55 Ind. 225; *City of Crawfordsville* v. *Brundage*, 57 Ind. 265; *Same* v.

*Lockhart,* 58 Ind. 477; *Hill* v. *Sloan,* 59 Ind. 181. Also, *Wade* v. *Keitz,* 18 Ind. 307, as to showing the claim to be due. Also, 46 Ind. 438; 57 Ind. 480. Also, *Mercer* v. *Herbert,* 41 Ind. 461; *Stafford* v. *Davidson,* 47 Ind. 319, as to presumption concerning copy of notice; *Killian* v. *Eigenmann,* 57 Ind. 485, as to burden of proof of notice; 20 N. Y. 247, as to judgment *in rem.* In supplemental brief, *Wolf* v. *Schofield,* 38 Ind. 175, as to what a record must show concerning judgment, when there are some bad and some good paragraphs; *Leonard* v. *Blair,* 59 Ind. 515, as to excepting to the form of the judgment; and so *Wilkerson* v. *Rust,* 57 Ind. 176; Buskirk's Practice, 335, as to remanding, on appeal.

Rufus W. Bailey and Andrew Ditty, for appellees, distinguished *Wade* v. *Keitz,* 18 Ind. 307; and *Schneider* v. *Kolthoff* (November term, 1877); *Colter* v. *Freese,* 45 Ind. 96; cited 45 Ind. 258, as to authority of contractor to purchase materials; Buskirk's Prac. 340; *Glassgrow* v. *Hobbs,* 52 Ind. 239; *Wright* v. *Johnson,* 45 Ind. 273, as to right of amendment of notice; *Rardin* v. *Walpole,* 38 Ind. 146; 28 Ind. 464; 35 Ind. 452; 59 Ind 575, as to the necessity of excepting in the trial court to a personal judgment; *Buckenhouse* v. *Gregg,* 19 Ind. 401, as to what is a personal judgment.

In additional brief, 38 Ind. 146; 28 Ind 464; 35 Ind. 452, as to exceptions and amendment below; and explained 57 Ind. 172, 59 Ind. 515, and 19 Ind. 401, as to what is a personal judgment.

Opinion of the court by Mr. Justice Elliott.

The appellees instituted this action to foreclose a mechanic's lien, and succeeded in obtaining judgment.

The complaint is in two paragraphs to each of which demurrers were overruled.

The first paragraph was clearly bad because it does not allege that the appellant was the owner or claimant of the real estate upon which the appellees seek to enforce a lien. The materials for which the lien was filed were furnished to a contractor and not to the appellant. The only inference that can reasonably be drawn from the allegations of the pleading is that Hill, the contractor, and not the appellant, was the owner of the real estate. The appellees could secure a cause of action against the appellant only by showing that he was the owner of, or claimant asserting some interest

in, the real estate; for they could have had no claim upon him, except on the ground that he owned or claimed to be the owner of the property for which the materials were furnished. There are other defects in this paragraph, but we deem it unnecessary to now consider them.

The second paragraph alleges that the appellant contracted with one Hill for the erection of a house on real estate owned by the former; that during the year 1877 appellees furnished the contractor with materials to be used in said house, that they were so used, and that the appellees within sixty days from the completion of the house, filed notice of their intention to hold a lien. We have given only an outline of the paragraph, but one sufficiently full to exhibit the force of the objections urged against it.

The first point made by the appellant is that this paragraph of the complaint does not show that the materials were furnished upon the credit of appellant's property. The law unquestionably is that the complaint must show that the materials were furnished for the building. *Hill* v. *Sloan*, 59 Ind. 181; *City* v. *Lockhart*, 58 Ind. 477. The complaint is not very direct or specific upon this point, but we think enough is shown to make it good against this objection.

The second objection which appellant urges against this paragraph is that it does not show that the notice was filed within sixty days after the materials were furnished. The allegation in the body of the pleading, and the recital in the notice of lien which is set out as an exhibit, show that the notice was filed within sixty days after the completion of the building, but it does not appear that it was filed within sixty days from the time the appellees furnished the materials. It was held in Hamilton v. Naylor (this term) that the complaint must show that the notice was filed within sixty days from the time the materials were furnished. That case received a second and careful consideration upon full agreement on petition for rehearing, and must be regarded as decisively settling the law upon this point. Upon the authority of that case the paragraph under examination must be held bad.

Some confusion seems to have arisen upon a question of practice. It is said that a demurrer will not lie, but that the remedy is by motion to strike out so much of the complaint as refers to

the lien. There are two distinct classes of cases, and the confusion has arisen from confounding them. Where there is a personal liability shown, and the lien is auxilliary or collateral to such liability, then the remedy is by motion and not by demurrer. The second class is were there is no personal liability, and the entire right of action depends upon the validity of the lien. The case in hand is a type of the latter class. Here there is no personal liability, and there can be no right of action, unless there is shown to be an existing valid lien. In such a case demurrer is the appropriate mode of presenting the question of the sufficiency of the complaint.

The appellant insists that the court did wrong in rendering a personal judgment against him, and that the relief of the appellees should be confined to the specific property covered by the lien. It is plainly the law that no personal judgment can be taken upon a mechanic's lien, where the owner is sued, by a sub-contractor, unless the notice provided for in section 649 of the statute is properly served upon the owner. Phillip, Mechanic's Liens, § 447, 449; *Crawford* et al v. *Crockett*, 55 Ind. 220.

There is an attempt in the first paragraph of the complaint to state a cause of action warranting a personal judgment, but the paragraph fails utterly to do so. We have already noted the fact that the paragraph is bad because it does not allege that the appellant was the owner of the real estate upon which the house was erected, and to this defect we may now add, as we are considering the pleading from a different point of view, two other very material ones. The two defects to which we refer are the insuffiency of the notice served upon the appellant and the failure to aver that there was any indebtedness from him to his contractor, Hill. A complaint which seeks to hold an owner for a debt created by the contractor must show ownership, the service of a sufficient written notice, and that when the notice was served the owner was indebted to the contractor.

Where the complaint only seeks to subject the property to the lien and asks no personal judgment, then, of course, it need not aver the existence of an indebtedness from the owner to the contractor, nor the service of notice as provided in section 649. The first paragraph of the complaint under mention is so framed as to

attempt to create a personal liability and establish a right to a fore-closure of the lien against the property. It is bad as a complaint for personal judgment as well as for the foreclosure of a material man's lien.

The pleader, instead of showing a cause of action for both a personal judgment and a foreclosure has failed to show a right to either.

Judgment reversed at costs of the appellees.