JOHN J. NEWMAN V. EXECUTORS OF JOHN A. PERRILL.

1. *Non-Performance of Contract to Convey Land.*—Where a bond is executed providing a penalty for the non-fulfillment of an agreement therein to convey land, it is to be regarded as intended to secure performance, and the obligee can only recover, on breach, by showing failure to perform and the loss resulting. And if the bond contains a condition, it must be shown that the condition existed on which the performance was to be based.

2. *Requisites of a Contract to Convey Land under the Statute of Frauds.*—Such contract must be in writing, and must describe the lands to be conveyed, or no action can be founded upon it.

3. *Motion in Arrest.*—Ruling wrongly on demurrer does not preclude a court afterwards from ruling rightly on a motion in arrest, placed on the same ground. It is the duty of a court not to permit a judgment to be entered upon a complaint which is so clearly insufficient as to afford the judgment no foundation.

4. *Curing by Verdict.*—It is not every defect that a verdict will cure. Every reasonable intendment will, after verdict, be indulged to sustain a pleading; but vital defects will not be cured by the verdict.

Filed May 16, 1881.

Appeal from Boone Circuit Court.

F. M. Charlton and A. J. Palmer, for appellants, in reply, cited *Clarkson* v. *McCarty*, 5 Blackf. 574, as to arrest after demurrer; 30 Ind. 380; 47 Ind. 580; 30 Ind. 398; Buskirk's Prac. 264, as to the rule concerning motions in arrest; 15 Ind. 395; 25 Ind. 31, as to enforcing contracts partly void; 4 Ind. 417 and 521; 10 Ind. 321; 11 Ind. 273, as to construing contracts according to the intention of the parties.

John W. Clements, for appellee, cited 7 Ind. 717; 46 Ind. 427; 52 Ind. 125, as to Statute of Frauds; *Hyer* v. *Norton*, 26 Ind. 274, as to presumptions lying against the pleader; *Dingman* v. *Kelly*, 7 Ind. 717, as to uncertainty of description in a contract to convey land; also *Baldwin* v. *Kerlin*, 46 Ind. 427, and *Miller* v. *Campbell*, 52 Ind. 125, on same point.

Opinion of the court by Mr. Justice Elliott.

The questions presented by this appeal arise upon the ruling of the court sustaining the appellee's motion in arrest of judgment.

The complaint is based upon the following written contract, viz:

"ZIONSVILLE, INDIANA, March 24, 1877.

"If an eighty-acre tract of land, described as follows: The north half of the northeast quarter of section four (4), township eleven (11), south of range eight east, located in Hardin county, Ill., be not disposed of at this date—said land being placed in the hands of a party for disposal—then J. A. Perrill agrees to make to J. J. Newman a warranty deed for above described land. If, however, it is negotiated and bargained to other parties in whose hands it was left for disposition, then, in lieu of this, the said J. A. Perrill agrees to deed to the said J. J. Newman one hundred and sixty acres of land in any one of the following counties in the State of Missouri, viz.: Wayne, Butler, Shannon, Carter, Reynolds, or Tany. Deed to be warranty. The above contract is made and given to satisfactorily arrange and adjust a difficulty between Jasper Jones, J. J. Newman and Henry Cushing. Now, should the said Perrill fail to comply with the above contract, he forfeits the sum of one thousand dollars to the said J. J. Newman—otherwise it is null and void. Land to be furnished in ninety days.

"J. A. PERRILL."

There are no allegations in the complaint that in any wise assists in the construction of the contract, and it must be construed as it is written, without any aid from extrinsic matters. It is not alleged that the land in Hardin county, Illinois, had not been disposed of at the time the contract was executed. The breach assigned is that the appellee failed to convey the land in Hardin county, or to convey the land in Missouri, or to pay the appellant the sum of one thousand dollars or any part thereof.

The appellant, in his original brief, insists that the contract sued on should be deemed a promise to pay the sum of one thousand dollars, with the privilege, if exercised within ninety days, of paying by the conveyance of property. The contract will not bear any such construction. The sum of one thousand dollars is the penalty named in the bond to secure the performance of the acts which the obligor undertook to perform. The obligee can only recover by showing the failure to perform and loss resulting.

The complaint does not show a failure of performance in respect to the land in Hardin county, Illinois, for the reason that it does

not aver that the land had not been disposed of when the contract
was executed. The appellee did not undertake to convey this land
unconditionally, but only upon condition that it had not been dis-
posed of by the party in whose hands it had been placed.

The right to demand a conveyance of lands in Missouri cannot
be enforced. The contract is one which the statute of frauds re-
quires shall be in writing, and as there is no real estate at all
described, the contract is not valid. There is no attempt at descrip-
tion, and there is, therefore, no contract for the conveyance of
lands. As the contract is invalid, there can be no right of action
grounded upon it. *Dingman* v. *Kelly,* 7 Ind. 717; *Baldwin* v. *Ker-
lin,* 46 Ind. 466; *Miller* v. *Campbell,* 52 Ind. 125.

Appellant argues that as the court had overruled demurrers
to the complaint, it could not afterwards rightfully sustain a motion
in arrest. We do not think that the court by ruling wrongly upon
the demurrers, precluded itself from afterwards ruling rightly upon
the motion in arrest. If, when the motion was presented, the court
deemed the complaint so clearly bad as not to be sufficient to sus-
tain a judgment, it was right to arrest the proceedings at that stage,
notwithstanding the fact that at an earlier stage the court had en-
tertained a different opinion.

A complaint fatally defective is vulnerable to attack even upon
appeal, and there can certainly be no error in declaring a fatally
defective complaint bad on motion in arrest, although demurrers
may have been previously overruled. It is the duty of the court
not to permit a judgment to be entered upon a complaint which is
so clearly insufficient as to afford the judgment no foundation.
There can be no valid judgment without a sufficient complaint, and
where a party's complaint is incurably bad he cannot justly com-
plain of any ruling which prevented him from obtaining a judg-
ment based upon it.

We are not unmindful of the doctrine that there are many de-
fects which are aided by a verdict, nor have we any inclination to
narrow that doctrine. But it is not every defect that a verdict will
cure. The pleading will, after verdict, be sustained by every
reasonable intendment that can be made from the facts pleaded.
Chitty says: "The particular thing which is presumed must al-

ways be such as can be implied from the allegations on the record by a fair and reasonable intendment." 1 Chitty, p. 705.

In *Crawford* v. *Crockett*, 55 Ind. 220, a motion in arrest was held to have been rightly sustained, because the complaint which sought to enforce a mechanic's lien, did not aver that the materials were furnished for the building, although in every other respect the complaint was sufficient. In *Heddens* v. *Younglove et al.*, 46 Ind. 212, it was held that a complaint which failed to aver a demand, in a case where a demand was essential to the cause of action, was bad on a motion in arrest. To the same effect is the case of *Pierce* v. *Thornton*, 45 Ind. 235. In *McMillen* v. *Terrell*, 23 Ind. 163, it was held that where the complaint pleaded a contract void by the Statute of Frauds, a motion in arrest ought to have been sustained. In *Sharpe et al.* v. *Clifford*, 44 Ind. 346, a motion in arrest prevailed against a complaint, seeking to enforce a mechanic's lien, for the reason that the complaint did not allege that notice of intention to hold a lien had been filed within the time prescribed by law. It was there said : " There is no allegation touching the question whether the notice was filed within the time required by the statute. Consequently, we cannot infer that there was any evidence on the subject. The rule that where a fact is alleged, though so defectively that it would be demurrable, such defect may be cured by a verdict, and a motion in arrest defeated, does not apply in this case. There is no averment on the subject."

The language of the court quoted applies with great force to the case in hand. There is not even an intimation that Perrill's land had not been disposed of when the contract was executed; there is no fact stated, nor any allegation made, from which any such intendment can be drawn. The complaint is entirely silent upon that subject; not one word is said upon it. There is not even a hint, much less a substantive statement, authorizing the intendment that Perrill's agent had not disposed of the Hardin county land.

There can be no doubt as to the meaning of the contract. Perrill undertook to convey the land in Hardin county only in one contingency, and that was that it had not been disposed of. He did not undertake to convey unconditionally, but on the contrary explicitly provides that in one case only will he agree to convey,

and that case is, to borrow the language of the contract, "If it be not disposed of at this date, said lands being placed in the hands of a party for disposal." To make a *prima facie* case—and all complaints must do that or be adjudged bad—it was necessary that the complaint should aver that the Hardin county land had not been disposed of. Certainly it was necessary to state some fact from which it could be reasonably inferred.

We hold the complaint bad so fair as concerns the Hardin county land, because it does not state some fact, or facts, from which it can be inferred that the land had not been disposed of when the contract was entered into. We do not pronounce against it because of defective allegations, or insufficient statements, but because there is a complete and absolute absence of all facts and all allegations upon that subject. If there were any facts, or statements, upon which we could found an intendment in favor of the pleading we should unhesitatingly declare that the motion in arrest should not be allowed to prevail.

Judgment affirmed.