Filed Sept. 18, 1885.

---

No. 12,354.

STEWART, ADMINISTRATOR, v. THE TERRE HAUTE AND IN-
DIANAPOLIS RAILROAD COMPANY.

STATUTORY DAMAGES FOR DEATH.—Action by Personal Representative.—
Complaint.—A complaint by an administrator against a railroad company, to recover damages for the death of his intestate, must, to show a cause of action, allege that the latter left surviving him either a widow or children, or next of kin.

SAME.—Arrest of Judgment.—In the absence from the complaint of such allegation, the judgment will be arrested on motion.

SAME.—Practice.—A motion in arrest of judgment, because of a fatally defective complaint, may be properly sustained, notwithstanding the fact that a demurrer to such complaint had been previously overruled.

From the Clay Circuit Court.

*E. S. Holliday* and *G. A. Byrd,* for appellant.

*J. G. Williams, G. A. Knight* and *C. H. Knight,* for appellee.

Howk, J.—In this case, the appellant, William Stewart, administrator of the estate of William O. Stewart, deceased, sued the appellee, the Terre Haute and Indianapolis Railroad Company, in a complaint of three paragraphs. The object of the action, as stated in each .of such paragraphs, was to recover damages for the death of appellant's intestate, caused, as alleged, by the wrongful act or omission of the appellee, without fault or negligence on the part of the decedent or of the appellant. The cause was put at issue and tried by a jury, and a verdict was returned for the appellant, the plaintiff below. Thereupon, the appellee moved the court to arrest judgment on the verdict, which motion was sustained by the court, and judgment was arrested accordingly.

The sustaining of appellee's motion in arrest of judgment is the only error assigned here by the appellant. This motion was in writing, and stated the following grounds for the arrest of judgment, namely :

" 1. Because the complaint herein does not state facts sufficient to constitute a cause of action.

" 2. Because the complaint does not show facts sufficient to entitle the plaintiff, as administrator, to maintain this action.

" 3. Because the complaint does not contain any averments that plaintiff's intestate left surviving him a widow and children, or either of them, or any next of kin.

" 4. Because the complaint does not contain any averments that plaintiff's intestate left surviving him a widow or children, or next of kin, nor was it proven on the trial that said intestate left surviving him a widow or children, or next of kin."

Appellant's cause of action for the death of his intestate, as stated in his complaint, was unknown to the common law, and is of statutory origin. *Cincinnati, etc., R. R. Co. v.*

*Chester*, 57 Ind. 297. In section 284, R. S. 1881, it is provided as follows: " When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages can not exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

This section is substantially a re-enactment of section 784 of the civil code of 1852 (2 R. S. 1876, p. 309), the only material difference between the two sections being that, under the older one, the damages could not exceed $5,000. Under the statute, the action is prosecuted by and in the name of the personal representative of the decedent, for the benefit not of the plaintiff as such nor of the decedent's estate, but for the exclusive benefit of the widow and children, if any, or the next of kin, of the decedent. If, therefore, the decedent leave neither wife nor child surviving him, and have no next of kin at the time of his death, it is very clear, we think, that his personal representatives could not maintain an action for the recovery of the damages, given by the statute, against the party whose wrongful act or omission caused his death. In *Indianapolis, etc., R. R. Co.* v. *Keeley,* 23 Ind. 133, in construing the statutory provisions now under consideration, the court said: "As the right to sue is purely a statutory one, and in derogation of the common law, the statute must be strictly construed, and the case brought clearly within its provisions, to enable the plaintiff to recover. The right to sue is given to the personal representative of the deceased, and the action is prosecuted in his name; but the damages 'must inure to the exclusive benefit of the widow and children, or next of kin,' and therefore the action is, in effect, prosecuted for their benefit. If there

were no wife, children, or next of kin, surviving the deceased, capable of taking under the statute, the action would not lie. It is therefore clear that the complaint must at least aver that there are such persons to whom, under the statute, the damages inure. It is an issuable fact that may be controverted, and must be alleged in the complaint; and, if denied, must be proved to sustain the action." To the same effect, substantially, are the cases of *Jeffersonville R. R. Co.* v. *Swayne*, 26 Ind. 477, and *Jeffersonville, etc., R. R. Co.* v. *Hendricks*, 41 Ind. 48.

In the case at bar, the objections urged by the appellee, in its motion in arrest of judgment, to the sufficiency of appellant's complaint, are well taken as to each paragraph thereof. It is nowhere averred in the complaint, or in any of its paragraphs, that appellant's intestate left surviving him, at the time of his death, a wife or child, or any next of kin, or any person to whom, under the statute, the damages would inure. Such an averment of fact or facts was and is essential to the appellant's right of recovery in this action, and there is nothing in his complaint, or in any of its paragraphs, from which such fact or facts, by the most liberal intendment, may be inferred. In such case, it is well settled by the decisions of this court, that, upon a proper motion therefor, the judgment must be arrested. *Heddens* v. *Younglove*, 46 Ind. 212; *Newman* v. *Perrill*, 73 Ind. 153; *Eberhart* v. *Reister*, 96 Ind. 478.

The point is made by appellant's counsel that the motion in arrest ought to have been overruled by the court, because it had previously overruled appellee's demurrer to his complaint. This point is not well taken. In *Newman* v. *Perrill, supra*, the appellant contended that, because the circuit court had overruled demurrers to his complaint, it could not afterwards rightfully sustain a motion in arrest. In answering this contention, this court there said: "We do not think that the court, by ruling wrongly on the demurrers, precluded itself from afterwards ruling rightly upon the motion in ar-

rest. * * * A complaint fatally defective is vulnerable to attack, even upon appeal, and there can certainly be no error in declaring a fatally defective complaint bad on motion in arrest, although demurrers may have been previously overruled. It is the duty of the court not to permit a judgment to be entered upon a complaint which is so clearly insufficient as to afford the judgment no foundation."

Some other objections are urged by the appellant's counsel to the action of the court in arresting judgment on the verdict. but these we need not and do not consider. For reasons already given, the appellant's complaint was radically and fatally defective, and we are bound to assume, in the state of the record before us, that the defects in the complaint were not supplied by the evidence, nor cured by the verdict, if such a thing were possible. If the decisions of this court in *Indianapolis, etc., R. R. Co.* v. *Keeley, supra,* and the cases which follow it, state the law correctly, as we think they do, and if we adhere to those decisions, as we think we must, it is certain that the court did not err, in the case in hand, in sustaining appellant's motion and arresting judgment on the verdict.

The judgment is affirmed, with costs.

Filed Sept. 16, 1885.