Filed March 16, 1892.

———————————◆———————————

## No. 15,357.

### REED v. BROWNING.

PROCESS.—*Non-Resident.*—*Service of Process Upon.*—A non-resident of the State, whose presence in the State is purely voluntary, and for the purpose of personal supervision of a business which he is conducting within the State, may be legally served with process in an action in which he is made defendant.

NEGLIGENCE.—*Damages.*—*Complaint.*—*Insufficiency of.*—In an action to recover damages for an injury alleged to have been sustained by reason of the fact that the plaintiff was ordered by the superintendent of the mill to leave his particular work and to go and perform a certain other service, and that he was injured by a stone slab falling upon him which

Reed *v.* Browning.

had been negligently left unpropped and unsupported, the complaint is insufficient. It does not charge the superintendent with any negligence, even if the defendant would be answerable for his negligence on the theory that he was a vice-principal. It is not averred that he superintended the unloading, or directed how the stone should be placed or left, or that he had any knowledge whatever of the manner in which it was left.

PLEADING.—*Complaint.*—*Insufficiency of.*—*May be Raised by Motion in Arrest.*—The objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur, and is cause for a motion in arrest of judgment.

SAME.—*Intendment After Verdict will not Supply an Omitted Essential Fact.*—The doctrine of intendment after verdict, whereby a pleading that would be held bad on demurrer will be held good after verdict, will aid by presumption a defective or imperfect averment of a fact, but will not supply an omitted fact which is necessary to the statement of a cause of action.

From the Monroe Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellant.

*J. Jiles, C. C. Matson, R. A. Fulk, R. W. Miers* and *E. Corr*, for appellee.

McBRIDE, J.—The complaint in this case alleges that the appellant was the owner and was engaged in operating a stone-quarry and stone saw-mill in Lawrence county, in which he employed a great number of men, the appellee among the number; that one Roberts was superintendent of the mill, and had charge of the workmen there employed; that the appellee was ordered by Roberts to leave the particular work in which he was engaged and to go and perform a certain other service, and that while he was obeying the order thus given, a certain large stone slab fell upon him, crushing and greatly and permanently injuring him.

He brought this action to recover damages for the injury thus sustained, and recovered a judgment.

Of several errors assigned and discussed we find it necessary to consider only two.

These relate to the action of the court in sustaining a demurrer to a plea in abatement filed by the appellant, and in

overruling a motion in arrest of judgment. The plea in abatement alleged that the appellant was, when the suit was brought and summons served, and long had been, a resident of the State of Illinois, and not a resident of the State of Indiana. Summons was served upon him in Lawrence county, and, while the fact is not shown by the plea, his counsel in his brief informs us that he was at the time there giving personal attention to his interests in the stone-quarry. As against non-residents of the State, actions may be commenced against them and process served on them in any county in the State where they may be found. Section 312, R. S. 1881.

While the statute is general in its terms, and is sufficiently broad to authorize service of process on non-residents in all cases when they come into the State, an exception exists when their presence is for the purpose of attending the courts of the State either as suitors or as witnesses. Public policy demands that non-residents of the State, whose duty or interest requires their attendance in our courts, should be exempt from the service of civil process during such attendance. *Wilson* v. *Donaldson*, 117 Ind. 356. There can be no good reason, however, why a non-resident of the State, whose presence in the State is purely voluntary, and for the purpose of personal supervision of a business which he is conducting within the State, should be thus exempt from service of process. The plea was bad.

The complaint is in two paragraphs. No demurrer was filed, and its sufficiency was questioned for the first time by the motion in arrest of judgment.

The appellee is entitled to recover, if at all, only because of the actionable negligence of the appellant, or because of the negligence of others for which the appellant is answerable. The averments in both paragraphs of the complaint relating to the alleged negligence which caused the injury are substantially the same. We quote from the first paragraph:

" That said stone had been unloaded from off the said mill trucks, at the instance and order of said Roberts; that said stone was long and wide, and six or eight inches thick, and was set on its edge, and negligently left unpropped and unsupported, in close proximity to this plaintiff, and that in consequence of the negligent and careless manner of leaving the said stone unpropped and unsupported, the same, without any warning, and, without any carelessness or negligence on the part of this plaintiff, the said stone fell over, on and against this plaintiff, and injured, crushed and bruised and wounded him," etc.

The only negligence charged is that the stone was left unpropped and unsupported, but whose act this was does not appear. Assuming that Roberts was a vice-principal, and the appellant answerable for his negligence (which we do not decide), he is not charged with any negligence. All the complaint charges that he did was to order that the stone be unloaded.

It is not averred that he superintended the unloading, or directed how the stone should be placed, or left, or that he had any knowledge whatever of the manner in which it was left. There is an entire absence of averment of any fact tending to connect the appellant with the alleged negligence.

The objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur, and is cause for a motion in arrest of judgment. Works Pr. and Pl., section 1045; *McMillen* v. *Terrell*, 23 Ind. 163; *Heddens* v. *Younglove*, 46 Ind. 212; *Newman* v. *Perrill*, 73 Ind. 153.

The defect in the complaint is of such a character that it could not be cured by verdict. The doctrine of intendment after verdict, whereby a pleading that would be held bad on demurrer will be held good after verdict, will aid by presumption a defective or imperfect averment of a fact, but will not supply an omitted fact which is necessary to the state-

ment of a cause of action. *Newman* v. *Perrill, supra ;* Works Pr. and Pl., section 533.

The court erred in not sustaining the motion in arrest of judgment.

Judgment reversed.

Filed March 18, 1892.